# Fidelity & Deposit Co. of Maryland *v.* Robertson.

*Action against Surety on Bond securing Building Contract.*

1. *Action upon a bond to secure building contract; sufficiency of complaint.*—In an action against a guaranty company upon a bond which was given to secure the faithful performance of a contract providing for the building of a house, a count of the complaint which sets out in full the bond sued on and also the contract secured, and then avers that the said contract was not performed in certain specified particulars, the averments pointing out with definiteness the breaches complained of, and then claims the damages resulting from such breaches, is sufficient and is not subject to demurrer.

2. *Same; sufficiency of plea; owner's right to waive stipulations in contract.*—The provision of a contract for the building of a house that the amount agreed upon was to be paid in equal instalments upon the approval of the architect and 15 *per centum* should be reserved from all payments until after the completion of the house is a provision solely for the benefit of the owner; and, therefore, in an action by the owner upon a bond given to secure the faithful performance of such contract, a plea which sets up that the plaintiff paid to the contractors money on said contract before it was due thereunder and without the certificate of the architect and failed

[Fidelity & Deposit Co. of Maryland v. Robertson.]

to deduct 15 *per centum* as stipulated, presents no defense and is demurrable.

3. *Same; same; right to make alterations.*—In an action against a surety upon a bond given to secure the faithful performance of a contract for the construction of a house, to recover damages for the breach of said contract, where such contract, which is set out in full in the complaint provides for making "alterations of, deviations from, additions to, or omissions in, said contract," without avoidance of the same and upon the basis of a corresponding change in the original contract, pleas which set up the fact that after the execution of the bond sued on the plaintiff without the knowledge or consent of the defendant entered into an agreement with the contractors by which material changes were made in the contract and the specifications thereunder without any additional time being allowed for the completion of said contract, set up no defense and are demurrable.

4. *Sufficiency of plea; res adjudicata.*—A judgment to conclude either party to a suit as to the matter thereof, must be such as to work a mutual estoppel; and, therefore, a plea of *res adjudicata* which shows that the parties litigant in the two suits are not the same, is bad and subject to demurrer.

5. *Action upon a bond to secure performance of building contract; sufficiency of replication.*—In an action against a surety upon a bond given to secure the faithful performance of a contract for the construction of a house, to recover damages for the breach of said contract, where pleas are interposed which set up that in a former suit brought by the contractors against the plaintiff in the present su.., .e latter was by verdict and judgment allowed the benefit of a counter claim then interposed for the identical damages here sued for, whereby the same were paid or extinguished by or at the expense of the parties in the bond sued on, replications to said pleas which do not show that the plea of recoupment was withdrawn or disallowed in the former suit and which do not negative that there was a finding in favor of the plaintiff in the present suit on said plea of recoupment, to the extent of allowing in extinguishment of the claim of the contractors in that suit the whole of the damages now claimed against the surety on the bond, are defective and subject to demurrer.

6. *Pleading and practice; sufficiency of demurrer.*—Where two replications are filed to a plea and a demurrer is interposed "to the replication" to said plea, without specifying the particu-

[Fidelity & Deposit Co. of Maryland v. Robertson.]

lar replications to which it is respectively directed, such demurrer is ineffective to raise the sufficiency of either of said replications.

7. *Action upon a bond to secure performance of building contract; damages recoverable.*—In an action against a surety upon a bond, to secure the faithful performance of a contract for the erection of a house, where it is claimed, among other damages, that the contractors failed to complete the building within the time specified, and the evidence shows that before the expiration of the term of the contract the plaintiff declared the contract forfeited and prevented the contractors from its further performance, if it is found that the plaintiff is entitled to recover such damages claimed, said damages should be estimated according to the loss actually sustained by reason of the delay in building by the fault of the contractors and not according to the stipulations of the contract on that subject; the plaintiff not being entitled to maintain that the contract, after he declared it forfeited, continued so as to bind the contractors for further performance.

8. *Bond for performance of building contract; when immediately means reasonable time; question for jury.*—Where, in a bond given to secure the faithful performance of a contract for the building of a house, it is provided that the surety on said bond shall be notified in writing of any act on the part of the contractors who were parties in said bond by which the surety is responsible, "immediately after the occurrence of such act shall have come to the knowledge" of the owner or his duly authorized representative, the word "immediately" means within a reasonable time; and the question of what is a reasonable time is for the determination of the jury in view of the attendant circumstances in the particular case.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. A. H. ALSTON.

This was a suit brought by the appellee, W. T. Robertson, against the appellant, the Fidelity & Deposit Company of Maryland, to recover of the defendant as surety for the breach of a certain bond executed by Adams, Wright & Gossett and the defendant to Robertson on May 5, 1897. Adams, Wright & Gossett contracted with Robertson to build him a house, and the bond, for the breach of which the present suit is brought, was executed as security that they would carry out their said contract.

The original suit contained the common counts and a special count  A demurrer was sustained to the special count.  By amendment a third count was added.  Subsequently the common counts were withdrawn.  The third count set out as exhibits the contract between Adams, Wright & Gossett and Robertson and the bond sued on.  The parts of the contract and of the bond sufficient to an understanding of the decision on the present appeal are sufficiently shown in the opinion.

The third count, omitting the contract and bond, was in words and figures as follows: "3. The plaintiff claims of the defendant two thousand dollars as damages for the breach of the condition of a bond made by the defendant, the Fidelity & Deposit Company, a corporation, and by T. J. Adams, W. C. Wright and A. J. Gossett, doing business under the firm name of Adams, Wright & Gossett, the three last named persons not being sued in this action,—payable to the plaintiff in the sum of $2,000, and which is in words and figures, as follows: [Here follows bond].

"And plaintiff avers that on the 26th day of April, 1897, the said Adams, Wright & Gossett a partnership composed as aforesaid entered into a written contract with plaintiff which in express terms is referred to and made a part of the contract hereinabove set out between this plaintiff and the Fidelity & Deposit Company which said contract between plaintiff and the said Adams, Wright & Gossett is in words and figures as follows: [Here follows contract].

"Plaintiff avers that said contract hereinabove particularly set forth entered into by and between plaintiff and said Adams, Wright & Gossett as aforesaid, was incorporated with and made a part of said contract between plaintiff and this defendant, the Fidelity & Deposit Company of date May 5th, 1897, wherein said defendant guaranteed the faithful performance of the stipulation of said contract with Adams, Wright & Gossett as aforesaid.  And plaintiff avers that the conditions of said bond were broken by defendant in this:

"1.  The said Adams, Wright & Gossett did not fur-

nish all the labor, materials and other things requisite to do and perform all things contemplated by said contract of date the 26th April, 1897, and did not furnish the labor, materials and other things requisite to build, furnish and deliver said house on or before the 1st day of September, 1897, and plaintiff claims special damage of $5.00 per diem for such delay as stipulated in said contract.

"2. That said Adams, Wright & Gossett, did not on or before the 1st day of September, 1897, sufficiently erect, finish and deliver in a perfect and thoroughly workmanlike manner a dwelling house for plaintiff agreeably to the plans and specifications made for the same and under the superintendence of Lockwood Bros., architects.

"3. That said Adams, Wright & Gossett did not provide such good, proper and sufficient material of all kinds whatsoever as were proper and sufficient for the completing and finishing all the works of the said building as shown on the plans and mentioned in said specification.

"4. That said Adams, Wright & Gossett did, during the progress of the construction of said building fail or refuse to supply a sufficiency of workmen and material, and thereby caused an unreasonable delay or suspension of the work, and did fail or refuse to comply with said articles of agreement as heretofore set forth; whereby plaintiff under the terms of said contract was authorized to finsh said work of construction of said building.

"5. And plaintiff avers that he did give the notice as required by the said contract as aforesaid, and did enter upon and finish the construction of said building in accordance with said contract to plaintiff's damage as aforesaid; and wherefore plaintiff avers that by reason of said breach of said contract as hereinabove particularly set forth and assigned, he was damaged in the sum of $2,000; that he has demanded of defendant a settlement of said damages sustained, and said demand was refused. Wherefore plaintiff sues."

To the third count the defendant demurred upon several grounds which may be summarized as follows: 1.

It is alleged in the breach marked 1 that Adams, Wright & Gossett did not furnish "*all* the labor, materials and other things requisite to do and perform all things contemplated by said contract," but it is not alleged in what particular or particulars the said Adams, Wright & Gossett failed. 2. It is not alleged in breach marked 1, what it was Adams, Wright & Gossett failed to furnish, whether labor, materials or other things. 3. The allegations of said breach marked 1, are legal conclusions without the statement of any facts. 4. It is not alleged in breach marked 2 in what particular or particulars the said Adams, Wright & Gossett failed to sufficiently erect, finish and deliver said house. 5. From the allegations of said breach marked 2, it does not appear that Adams, Wright & Gossett did not erect and finish said house, but that, although finished and erected, they did not deliver said house. 6. It is not alleged in any part of the said count that plaintiff complied with this part of said contract with Adams, Wright & Gossett. 7. The allegations of each of the breaches are legal conclusions without facts stated upon which to base them. 8. It does not appear from the allegations of the breach marked 3, that Adams, Wright & Gossett did not "provide good, proper and sufficient material of all kinds whatsoever as were proper and sufficient for the completing and finishing all the works of said building, but, although they did provide all such material, it was not shown by the plans and specifications. 9. It is not shown from the allegations of the breach marked 3, in what particular or particulars said Adams, Wright & Gossett failed to provide materials. 10. It is not shown in breach marked 4 in what particular or particulars said Adams, Wright & Gossett failed or refused "to comply with the articles of agreement as heretofore set forth." 11. It is not alleged in the breach marked 5, what the notice given by plaintiff contained, nor the substance of said notice, nor to whom it was given. 12. It is not alleged in said count that plaintiff immediately or otherwise notified defendant of the failure of said Adams, Wright & Gossett to perform their said con-

tract when the said failure came to the knowledge of plaintiff or his authorized representative. 13. It is not alleged in said count that after notice of the failure of Adams, Wright & Gossett to perform said contract, defendant refused to perform the same. The demurrer was overruled and the defendant duly excepted. Thereupon the defendant filed sixteen pleas, the first of which was the general issue. The other pleas filed by the defendant were in words and figures as follows:

"2. That it is provided in and by the terms of said bond that the defendant should be notified in writing of any act on the part of the said Adams, Wright & Gossett, or their agents or employees, which might involve a loss for which the said defendant may be liable immediately after the occurrence of such act shall have come to the knowledge of the duly authorized representatives of the said W. T. Robertson who shall have supervision of the completion of said contract, and defendant avers that the said W. T. Robertson failed immediately upon the same coming to the knowledge of the authorized representatives of the said W. T. Robertson to notify this defendant of said acts or either of them on the part of the said Adams, Wright & Gossett complained of in said complaint as breaches of said bond.

"3. That the said plaintiff by his own unauthorized act prevented the said Adams, Wright & Gossett from completing said contract.

"4. That in and by the terms of said bond the contract between the plaintiff and said Adams, Wright & Gossett was, with all its terms, conditions and covenants, made a part of said bond, and in and by the terms, conditions, and covenants of said contract it was provided that the payment of said plaintiff for said work to the said Adams, Wright & Gossett should be made in six equal payments, and the total amount to be paid was $3,450.20, and that from all payments there should be reserved 15 per cent. to be paid in 30 days after the completion and delivery of work, and that payments should be made upon the certificate of the architects of the said plaintiff, and defendant avers that the

25c

said plaintiff paid to the said Adams, Wright & Gossett money on said contract before the same was due under said contract, and without the certificate of said architects, and without deducting said 15 *per cent.*, whereby said plaintiff failed to retain in his hands sufficient funds to complete the said contract."

"5.   This defendant denies that the plaintiff rightfully or lawfully took charge of and finished said work. .

"6.   This defendant denies that the plaintiff was put to any cost over the contract price in the completion of said contract.

"7.   That under and by the terms of the bond sued on, it was provided, among other things, that suits at law or proceedings in equity brought against this defendant to recover and claim thereunder, must be entered within six months after the completion of said contract, and the defendant avers that said contract was ended and terminated by the plaintiff on the 3d day of July, 1897, by refusing to permit Adams, Wright & Gossett to further perform the same, and this suit was not instituted within six months after said 3d day of July, 1897.

"8.   That it is provided in and by the terms of said bond here sued on that the defendant should be notified in writing of any act on the part of Adams, Wright & Gossett or their agents or employees which might involve a loss for which this defendant may be liable, immediately after the occurrence of such act shall have come to the knowledge of the duly authorized representatives of the plaintiff who shall have supervision of the completion of said contract, and defendant avers Lockwood Brothers were the duly authorized representatives of the plaintiff who had supervision of the completion of said contract, and to whose approval according to the terms of the contract all materials were subject; that on or about the 23d day of May, 1897, the said Lockwood Brothers rejected a lot of lumber furnished by said Adams, Wright & Gossett for the erection of said building and afterwards, while waiting to obtain other lumber for the completion of said building, there was a suspension of said work for a term of, viz., three

weeks, for which suspension this defendant might, under the terms of the contract, be liable, and that said suspension of the said work for the time aforesaid was known to the said W. T. Robertson and to the said Lockwood Brothers, and that no notice or information thereof was given in writing or otherwise to this defendant by said Robertson, Lockwood Brothers, or any one else, until on or about the 7th day of July, 1897.

"9. That after the execution of the bond sued on, the plaintiff without the knowledge or consent of defendant, entered into an agreement with Adams, Wright & Gossett by which material changes were made in the said contract and the specifications thereto, in that two additional rooms were added to the house contracted to be built, without the knowledge or consent of defendant, and without any additional time being allowed for the completion of said contract.

"10. That after the execution of the bond sued on, the plaintiff, without the knowledge or consent of the defendant, entered into a new agreement with the said Adams, Wright & Gossett by which the contract mentioned in said bond was materially altered and added to.

"11. That the plaintiff unwarrantably prevented said Adams, Wright & Gossett from completing said contract, and afterwards a *bona fide* offer was made to said plaintiff by one Carmichael, a responsible person, to complete said contract for the sum of $2,950, but the plaintiff refused to permit said Carmichael to complete the said contract, but employed Smith & Graves to complete the same at the price of, viz., $3,300 thereby needlessly incurring an additional expense in the completion of said contract of, viz., $350.

"12. That the said bond sued on was executed by Adams, Wright & Gossett, as principal, and by this defendant as surety, and that heretofore, to-wit, on the 8th day of December, 1897, Adams, Wright & Gossett commenced their suit against the said W. T. Robertson in the circuit court of Montgomery county, in which suit the said Adams, Wright & Gossett claimed of the said W. T. Robertson the value of labor and material furnished in carrying out said contract for which the

bond sued on herein was given, which labor and material it was claimed in said suit had been accepted and used by the said Robertson. That against the said demand of the said Adams, Wright & Gossett in the said suit, the said Robertson by his pleas Nos. 12 and 12 1-2 in the said suit filed as shown by exhibits A and B hereto attached and made a part hereof, claimed that the said Adams, Wright & Gossett had broken their said contract, and that by reason of said breach, he, the said Robertson, had been damaged to the extent of $1,007.59, and he prayed judgment over for the said sum against the said Adams, Wright & Gossett in said suit; and defendant avers that the damages so claimed by the said Robertson of the said Adams, Wright & Gossett in the said suit herein mentioned for the breach of said contract are the same identical damages claimed of this defendant in this suit; and defendant further avers that heretofore, viz., on or about the 23d day of November, 1899, the said suit of Adams, Wright & Gossett against the said W. T. Robertson in said circuit court of Montgomery county, came on for trial and was tried, and that in the said suit the said Adams, Wright & Gossett introduced evidence to sustain their said claim and the said Robertson introduced evidence to sustain his said claim of damages, and that in the said case the damages so claimed in that suit by the said Robertson against the said Adams, Wright & Gossett, and claimed in this suit by the said Robertson against this defendant were allowed to the said Robertson against the said Adams, Wright & Gossett by the said jury who rendered a verdict for the said Robertson, and upon the said verdict judgment was rendered in favor of said Robertson and against said Adams, Wright & Gossett, and said judgment remains unreversed and in full force and effect. Wherefore, this defendant says that the said Robertson has been fully paid by the said Adams, Wright & Gossett all of the damages for which this defendant bound itself by the said bond sued on.

"13. That before the commencement of this suit, the said Robertson had been paid in full by Adams, Wright

& Gossett all the damages which the said Robertson suffered by the breach of said contract by the said Adams, Wright & Gossett.

"14. That the bond sued on was executed by Adams, Wright & Gossett, principal, and by this defendant as surety, and that heretofore, viz., on or about the 8th day of December, 1897, Adams, Wright & Gossett commenced their suit in the circuit court of Montgomery county against the plaintiff in this suit, in which said suit the said Adams, Wright & Gossett claimed of the said plaintiff in this suit the value of the labor and material furnished in carrying out the contract for which the bond herein sued on was given, which labor and material so furnished it was claimed had been accepted and used by the said Robertson; that in the said suit so instituted by the said Adams, Wright & Gossett against the said Robertson, the said Robertson by his pleas numbered 12 and 12 1-2 filed in the said cause as shown by exhibits A and B hereto attached and made a part hereof, claimed that the said Adams, Wright & Gossett had broken the said contract, and that by reason of said breach of said contract, he, the said Robertson had been damaged to the extent of $1,007.59, and he prayed judgment over for the said sum against the said Adams, Wright & Gossett in said suit and defendant avers that the damages so claimed by the said Robertson against the said Adams, Wright & Gossett for the breach of said contract to the said suit herein mentioned are the same identical damages claimed of this defendant in this suit. And defendant further avers that heretofore, viz., on or about the 23d day of November, 1899, the said suit of Adams, Wright & Gossett against the plaintiff in this case came on for trial in said court of Montgomery county and was tried, and in the said trial said Adams, Wright & Gossett introduced evidence of their claim against said Robertson, and said Robertson introduced evidence as to his claim for damages against said Adams, Wright & Gossett, and upon the said trial the judge presiding charged said jury as to the law governing both of said claims. And defendant avers that in the said cause of Adams, Wright & Gossett against W. T. Rob-

ertson above mentioned, the jury, after receiving the charge of said judge, rendered a verdict in substance as follows: 'We, the jury, find for the defendant.' And upon the said verdict judgment was rendered in favor of the said Robertson against said Adams, Wright & Gossett, and said judgment remains unreversed and of full force and effect. Wherefore, this defendant says, that the plaintiff in this suit has received from Adams, Wright & Gossett payment for the full amount of damages claimed of this defendant in this suit and can not again have judgment therefor against this defendant.

"15. That the bond sued on was executed by Adams, Wright & Gossett as principal and this defendant as surety, and that heretofore, viz., on or about the 8th day of December, 1897, Adams, Wright & Gossett commenced their suit in the circuit court of Montgomery county against the plaintiff in this suit, in which said suit the said Adams, Wright & Gossett claimed of the plaintiff in this suit the value of the labor and material furnished in carrying out the contract for which the bond herein sued on was given, which labor and material so furnished it was claimed had been accepted and used by the said Robertson; that in the said suit so instituted by the said Adams, Wright & Gossett against the said Robertson, the said Robertson by his pleas numbered 12 and 12 1-2 filed in the said cause as shown by exhibits A and B hereto attaced and made a part hereof, claimed that the said Adams, Wright & Gossett had broken the said contract, and that by reason of said breach of said contract, he, the said Robertson, had been damaged to the extent of $1,007.59, and he ― judgment over for the said sum against the said Adams, Wright & Gossett in said suit; and defendant further avers that the damages so claimed by the said Robertson against the said Adams, Wright & Gossett for the breach of said contract in the suit therein mentioned are the same identical damages claimed of this defendant in this suit. And defendant further avers that heretofore, viz., on or about the 23d day of November, 1899, the said suit of Adams, Wright & Gossett against the

plaintiff in this suit came on for trial in said circuit court of Montgomery county and was tried, and on the said trial the said Adams, Wright & Gossett introduced evidence of their claim against said Robertson, and said Robertson introduced evidence as to his claim for damages against said Adams, Wright & Gossett, and said evidence so introduced as to Adams, Wright & Gossett's claim showed that the value of the labor and material by said Adams, Wright & Gossett under said contract was at least $889 and that Robertson had paid not exceeding $691.77 thereon, and upon said trial the presiding judge, at the instance and request of said Robertson, gave to the jury a charge in substance as follows, viz.: 'If the jury believe from the evidence that the plaintiffs failed to perform their contract, breached the same and quit work; that the defendant then took charge of the house and work and completed the same according to the contract, and in doing so paid out and expended money in and about the completion of said house according to said contract a reasonable and fair amount in excess of the contract price, then, upon this statement of facts, without more, the defendant will be entitled to offset, by way of recoupment any such excess; and the verdict of the jury will be for the defendant over against plaintiffs for such excess;' and defendant avers that in said cause of Adams, Wright & Gossett against Robertson above mentioned, the jury, after receiving the said charge substantially as above stated, rendered a verdict in substance as follows: 'We the jury find for the defendant,' and judgment was rendered in favor of said Robertson in accordance with said verdict, and said judgment remains unreversed and in full force and effect. Wherefore, this defendant says that the plaintiff in this suit has received credit in the said suit of Adams, Wright & Gossett against Robertson for the full amount of the damages claimed by said plaintiff in this suit against this defendant. and cannot again have judgment therefor against this defendant.

"16. That the bond sued on was executed by Adams, Wright & Gossett as principal and by this defendant as

surety, and that heretofore, viz., on or about the 8th day of December, 1897, Adams, Wright & Gossett, commenced their suit in the circuit court of Montgomery county against the plaintiff in this suit, in which said suit the said Adams, Wright & Gossett claimed of the plaintiff in this suit the value of the labor and material furnished in carrying out the contract for which the bond herein sued on was given, which labor and material so furnished it was claimed had been accepted and used by the said Robertson; that in the said suit so instituted by the said Adams, Wright & Gossett against the said Robertson, the said Robertson, by his pleas numbered 12 and 12 1-2 filed in the said cause as shown by exhibits A and B hereto attached and made a part hereof, claimed that the said Adams, Wright & Gossett had broken the said contract, and that, by reason of said breach of said contract, he the said Robertson, had been damaged to the extent of $1,007.59, and he prayed judgment over for the said sum against the said Adams, Wright & Gossett in said suit; and defendant avers that the damages so claimed by the said Robertson against the said Adams, Wright & Gossett, for the breach of said contract in the said suit herein mentioned are the same identical damages claimed of this defendant in this suit. And defendant further avers that heretofore, viz., on or about the 23d day of November, 1899, the said suit of Adams, Wright & Gossett against the plaintiff in this suit came on for trial in said circuit court of Montgomery county, and was tried, and on said trial the said Adams, Wright & Gossett introduced evidence of their claim against said Robertson, and said Robertson introduced evidence as to his said claim for damages against said Adams, Wright & Gossett, and said evidence introduced as to Adams, Wright & Gossett's claim showed that the value of the labor and material furnished by them was between $889 and $2,000 and that not exceeding $691.77 had been paid, and upon the said trial the presiding judge, at the instance and request of the said Robertson gave to the jury a charge in substance as follows, viz.:

[Fidelity & Deposit Co. of Maryland v. Robertson.]

'If the jury believe from the evidence that the plaintiffs failed to perform their contract, breached the same and quit work, that the defendant then took charge of the house and work and completed the same according to the contract, and in doing so paid out and expended money in and about the completion of said house according to said contract a reasonable and fair amount in excess of the contract price, then, upon this state of facts, without more, the defendant will be entitled to off-set, by way of recoupment, any such excess; and the verdict of the jury will be for the defendant over against plaintiffs for such excess;' and defendant avers that in the said cause of Adams, Wright & Gossett against Robertson above mentioned, the jury, after receiving said charge substantially as above stated, rendered a verdict in substance as follows: 'We the jury find for the defendant.' And judgment was rendered in favor of said Robertson in accordance with said verdict, and said judgment remains unreversed and in full force and effect. Wherefore, the defendant says, that by the said verdict and judgment it has been judicially determined that the said Robertson has suffered no more damages than the balance due Adams, Wright & Gossett by the said Robertson for labor and material, and that said damages have been paid and said Robertson can not recover of this defendant the damages already received from the said Adams, Wright & Gossett."

To the 4th plea the plaintiff demurred upon the following grounds: 1. That the defendant does not aver in said plea that the amount of money paid by plaintiff to said Adams, Wright & Gossett was not actually due at the time of said payment. 2. The defendant does not aver in said plea that said work and labor stipulated in said contract was in fact ever completed and delivered to the plaintiff by said Adams, Wright & Gossett. 3. Plaintiff further assigns as additional ground of demurrer to said plea number four that said contract sued on and set forth in the complaint clearly shows that said six payments to be paid upon the architect's certificate was for the benefit and pleasure of the plaintiff in this cause, and it clearly appears

from said contract that the plaintiff could exercise said right or pay Adams, Wright & Gossett for their work and labor actually performed without any certificate.

To pleas 9 and 10 the plaintiff demurred upon the following grounds: "1. That they are insufficient in law, and are no answer to the complaint. 2. That while it is alleged that after the execution of the bond sued on the plaintiff, without the knowledge or consent of the defendant, entered into an agreement with Adams, Wright & Gossett by which material changes were made in the contract and the specifications thereto, in that two additional rooms were added to the house contracted to be built without the knowledge or consent of the defendant, and without any additional time being allowed for the completion of said contract, yet it is no where averred that said changes or alterations were not such as were authorized to be made by and between plaintiff and said Adams, Wright & Gossett under said contract of date April 26th, 1897, and the plans and specifications thereto attached which were incorporated with and formed a part of said contract of said date; and is indefinite and uncertain in that it fails to specify what particular parts of said articles of agreement were violated by reason of said alleged changes or alterations, or to specify what particular parts or said articles of agreement required notice to be given to this defendant of any changes or alterations which plaintiff might make with said Adams, Wright & Gossett under said contract."

To pleas numbered respectively 12, 13, 15, and 16, the plaintiff separately and severally demurred upon the following grounds: 1st. That each of said pleas is insufficient in law and are no answer to the complaint as amended. 2. That the averments in each of said pleas show that this defendant, the Fidelity & Deposit Co. of Maryland was not a party to said suit of Adams, Wright & Gossett v. W. T. Robertson, this plaintiff, and that said Adams, Wright & Gossett are not sued in the action now pending and are not parties to this cause; and that this defendant, the Fidelity & Deposit Co. of Mary-

land, not being a party or privy in or to the suit of Adams, Wright & Gossett against this plaintiff in said several pleas respectively referred to, could be in no wise affected by a judgment either in favor of or against said Adams, Wright & Gossett. 3. That said pleas do not show in any averment thereof that the parties to the two suits are the same, the subject matter the same, or that the identical point in issue is the same, or that judgment has been rendered in the first suit on that particular point."

Plaintiff's demurrers to the pleas as above set out were sustained, and the defendant by leave of the court filed amended pleas 4, 12, 14, 15 and 16. The 4th plea, as amended, was in words and figures as follows: "4. That in and by the terms of said bond, the contract between the plaintiff and said Adams, Wright & Gossett was, with all its terms, conditions and covenants, made a part of said bond, and in and by the terms, conditions, and covenants of said contract it was provided that the payment by said plaintiff for said work to the said Adams, Wright & Gossett should be made in six equal payments and the total amount to be paid was $3,450.20, and that from all payments there should be reserved 15 *per cent* to be paid thirty days after the completion and delivery of the work, and that payments should be made upon the certificate of the architects of the said plaintiff; and defendant avers that the said plaintiff paid to the said Adams, Wright & Gossett money on said contract before the same was due under said contract and without any certificate or estimate of said archtects, having been made or given therefor and without deducting said 15 *per cent.,* whereby said plaintiff failed to retain in his hands sufficient funds to complet the said contract."

The amendment to pleas 12, 14, 15 and 16, respectively, was that a copy of the judgment rendered in the case of Adams, Wright & Gossett v. Robertson, in favor of Robertson, was attached as an exhibit and made a part of each of said pleas. In other respects the amended pleas 12, 14, 15 and 16 were identical with said pleas as originally filed.

The plaintiff moved the court to strike pleas 12, 14, 15 and 16. There was a motion made to strike pleas 12, 14, 15 and 16 as amended, which was overruled.

To the 4th plea as amended the plaintiff demurred upon the same grounds as to the orginal 4th plea, and this demurrer was sustained. Demurrers were overruled as to pleas 12, 14, 15 and 16 as amended.

To the 2d plea, the plaintiff filed the following replication: "Comes the plaintiff and replies to plea No. 2 and by way of replication says that while it is provided in and by the terms of said bond that the defendant shall be notified in writing of any act on the part of said Adams, Wright & Gossett or their agents or employees which might involve a loss, for which the said defendant would be liable, immediately after the occurrence of such acts shall have come to the knowledge of the duly authorized representative of the plaintiff, who shall have supervision of said contract, plaintiff avers and replies that plaintiff did immediately upon such acts as complained of coming to the knowledge of plaintiff, or his authorized representative, notify the defendant in writing of said act, and also mailed a registered letter containing a notification of such acts as complained of to defendant at its principal office in Baltimore City, Md.; and plaintiff further avers by way of replication that defendant on July 15th, 1897, acknowledged the receipt of said notification and instructed the plaintiff to let the contract to some responsible person to finish said building, but to require good and sufficient bond from such person for the faithful performance of his contract."

To the 11th plea the plaintiff filed the following replication: "And by way of replication to plea No. 11, the plaintiff avers that he did not prevent said Adams, Wright & Gossett from completing said contract, but on the contrary, used reasonable and earnest efforts to have them complete said contract; and after said Adams, Wright & Gossett refused to complete their said contract, and after they had failed and refused to furnish the materials and provide the labor needful and proper

for the due performance of the said contract, in the construction of said dwelling house, according to the plans and specifications, and particularly as provided in the 4th paragraph of said contract of date April 26, 1897; and after Adams, Wright & Gossett had refused to supply a sufficiency of workmen or materials, and had caused an unreasonable delay or suspension of the work and had failed and refused to comply with said articles of agreement of April 26th, 1897, as provided in section 6, and other provisions of said contract of said date, plaintiff, in writing, notified Adams, Wright & Gossett that said contract was forfeited, and that plaintiff should exercise his rights in the premises as provided by said contract; that plaintiff also gave due notice in writing, as provided by said contract, to the defendant of the several acts on the part of Adams, Wright & Gossett herein complained of, and that thereupon defendant, by and through its general agent, one R. F. Manley, on, to-wit, July 5, 1897, communicated to plaintiff in writing in substance as follows: 'In re Adams, Wright & Gossett: Our company does not wish to assume the contract of said firm to finish your building or sub-let said contract. We state upon information that you should let this contract to finish said building to G. H. Carmichael, of Montgomery, Alabama, at and' for the sum of $2,950, and we approve and recommend this action. You. should require good and sufficient bond from Carmichael.' And plaintiff avers that thereupon the architects mentioned and described in said contract, to-wit, Lockwood Brothers, did agree to let the said contract to G. H. Carmichael, conditioned that he would make a good and sufficient bond to carry out said contract. That said Carmichael failed to make the required bond or give good and sufficient surety, and notified plaintiff that he was unable to do so, and plaintiff duly notified defendant of the failure of the said Carmichael to give good and sufficient bond as required by defendant, as well as of the failure of the plaintiff to obtain from said Carmichael a good and sufficient bond to finish said building; and plaintiff also notified defendant that said architects had awarded the contract for the completion

of said dwelling house to Smith & Graves, they being the lowest and best responsible bidders therefor."

And as further replication to the 2d and 11th pleas, the plaintiff filed the following replication:

"Comes the plaintiff and further answering pleas No. 2 and 11 separately and severally, says, that immediately after the occurrence of the acts complained of on the part of Adams, Wright & Gossett coming to the knowledge of plaintiff or his authorized agent who had supervision of said contract, plaintiff notified the defendant, the Fidelity & Deposit Co. of Maryland, in writing of said acts, and also mailed a registered letter containing a notification of said acts as complained of to defendant at its principal office in Baltimore, Md., and also gave to said defendant, Fidelity & Deposit Co. of Maryland, due notice in writing of all the acts on the part of Adams, Wright & Gossett herein complained of, and that thereupon defendant by and through its general agent, one R. F. Manley, on to-wit, July 5th, 1897, acknowledged receipt of said notification and instructed plaintiff to let the contract and to finish the erection of said dwelling as provided by said contract; that after such notification in writing had been made to defendant as provided by said contract of date May 5th, 1897, Adams, Wright & Gossett sued this plaintiff (who was defendant to that suit) for a breach of said contract; and plaintiff avers that thereafter to-wit, at the November term, 1899, of the circuit court of Montgomery county in said suit between Adams, Wright & Gossett and this plaintiff, wherein said Adams, Wright & Gossett sued to recover of this plaintiff the sum of $3,000 for the breach of conditions of a contract executed by this plaintiff and said Adams, Wright & Gossett on, to-wit, the 26th day of April, 1897, upon the trial of said cause one of the issues presented was whether plaintiff in this action (who was defendant in that action) had breached said contract, and upon the trial of said issue, the affirmative charge was given in behalf of the plaintiff in this action (the defendant in that suit) and the verdict of the jury was as follows: 'We the jury find

for the defendant.' And plaintiff avers that a judgment of this honorable court was thereupon entered of record in accordance with the verdict of the jury, and as more particularly set forth in defendant's pleas."

To the 3d, 5th, 7th and 8th pleas the plaintiff filed the following replication: "Comes the plaintiff and answering said pleas 3, 5, 7, and 8 separately and severally says: that immediately after Adams, Wright & Gossett breached their contract in the manner set forth in the complaint in this suit, and immediately after the same came to the knowledge of plaintiff or his authorized agent who had supervision of said contract, plaintiff notified the defendant, the Fidelity & Deposit Co. of Maryland, of said acts constituting a breach of said contract in the manner provided by said contract; that after such notification in writing had been made to defendant as provided by said contract of date May 5th, 1897, Adams, Wright & Gossett sued this plaintiff (who was defendant to that suit) for a breach of said contract and plaintiff avers that thereafter, to-wit, at the November term, 1899, of the circuit court of Montgomery county in said suit between Adams, Wright & Gossett and this plaintiff wherein said Adams, Wright & Gossett sued to recover of this plaintiff the sum of $3,000 for the breach of the conditions of a contract executed by this plaintiff and said Adams, Wright & Gossett on to-wit, the 26th day of April, 1897, one of the issues presented on said trial was whether plaintiff in this action (who was defendant in that action) had breached this contract and upon the trial of said issue, the affirmative charge was given in behalf of the plaintiff in this action ( the defendant in that suit) and the verdict of the jury was as follows: 'We the jury find for the defendant.' The plaintiff avers that the judgment of this honorable court was thereupon entered of record in accordance with the verdict of the jury and as made particularly set forth in defendant's pleas 12, 14, 15 and 16 and in plaintiff's replication to said pleas, and that the verdict of the honorable court in said suit of Adams, Wright & Gossett is conclusive in the present action upon so much of said pleas 3, 5, 7, and 8 as seek to show that Robertson in any

manner breached said contract of date 26th April, 1897, and is conclusive upon this defendant who is surety for Adams, Wright & Gossett, that said Adams, Wright & Gossett breached said contract of said date."

To the 12, 14, 15 and 16 pleas as amended the plaintiff filed the following replication: "Comes the plaintiff and replies to plea No. 12 as amended and says; that a suit was instituted by Adams, Wright & Gossett, in the circuit court of Montgomery county and was tried at the Novemeber term, 1899; that said plaintiffs, Adams, Wright & Gossett sued on the common counts for work and labor done and material furnished, and also had a special count on the contracts designated as count 'A' and also counts numbered respectively 2 and 3, predicated on the contract, wherein said Adams, Wright & Gossett claimed $3,000 on a certain contract executed by the plaintiffs in this case on to-wit, the 26th day of April, 1897, which said counts with the contract as an exhibit thereto are hereby marked Exhibit 'C' to this replication; and plaintiff avers that upon the termination of said suit the court gave in writing the general charge for defendants as to said counts A, 2 and 3 and also stated that so far as a recovery on the contract was concerned that he would direct, and he did so direct, see exhibit, the jury to find in behalf of the plaintiff in so far as any claim as set forth in counts A, 2 and 3.

"Judge J. C. Anderson, the presiding judge, charged the jury, touching said special counts predicated on the contract as follows: 'Now the plaintiffs' claim in this case is hypothecated on several counts in the complaint. In some of those counts, A, 2 and 3, he sues to recover damages for the breach of a contract on the part of the defendant, and in order for them to recover on those counts they must show a specific performance on their part. Well, I charge you that under the evidence the plaintiffs are not entitled to recover in this case against the defendant on the special counts. That being the case the question of the damages or of any damages that may have been alleged to have been sustained by the plaintiffs by virtue of a breach of that builders' contract

[Fidelity & Deposit Co. of Maryland v. Robertson.]

has been eliminated, and the counts upon which you are to try this case are the counts for money had and received, and is called the action of assumpist.

"Plaintiff further avers that one of the counsel for the plaintiff, viz., Judge John G. Winter, stated in open court, during the progress of said trial, that he would rely upon the common counts for a recovery; and that said special counts designated as A, 2 and 3 of any claim thereunder were not submitted to the jury trying said cause for any purpose. Plaintiff further avers that plea designated as pleas 12 1-2 was specially directed to said count A, as will be seen by reference thereto; that no other plea was interposed seeking recoupment or set off except said plea 12 1-2. That plea 12 which is made a part of this replication referred to, did not seek for a judgment over against Adams, Wright & Gossett, but merely set up a breach of said contract on the part of Adams, Wright & Gossett, and averred that said Robertson, plaintiff herein, had paid out a large sum of money, to-wit, $1,000 to complete said building, in excess of the original contract price as evidenced by exhibit hereto attached."

This replication is also interposed separately to pleas 14, 15 and 16.

To "the replication" filed to pleas 2 and 11 the defendant demurred upon the following grounds: "1. Said replication fails to deny the allegation or any of the allegations of said plea. 2. Said replication fails to confess and avoid the allegation or any of the allegations of said pleas. 3. It is not shown by said replication that this defendant was a party to said suit of Adams, Wright & Gossett v. Robertson. 4. The matters set up in said replication are *res inter alios*, and do not affect the rights of this defendant in this suit.

To the replication to the 3d plea the defendant demurred upon the following grounds: 1. It is not denied in said replication that the plaintiff in this suit by his own unauthorized act prevented Adams, Wright & Gossett from completing said contract. 2. It is immaterial as an answer to said plea what notice the plaintiff gave

to defendant in this case. 3. The matter set up in said replication as to a judgment that Adams, Wright & Gossett had broken their said contract, is, as to this defendant, *res inter alios acta,* and the matters adjudicated therein as stated in said replication are not conclusive on this defendant.

To the replication to the 5th plea the defendant demurred upon the grounds of the demurrer filed to the replication to the 3d plea and also upon the following ground: "It is not alleged in said replication that the plaintiff rightfully or lawfully took charge of and finished said work."

To the replication to the 7th plea the defendant demurred upon the grounds of the demurrer assigned to the replication to the 3d plea, and the following additional grounds: "1. It is not denied in said replication that under the terms of the bond sued on the plaintiff was bound to bring this suit within six months after the completion of the contract. 2. It is not denied in said replication that said contract was ended on the 3d day of July, 1897."

To the replication to the 8th plea the plaintiff demurred upon the grounds of the demurrer filed to the replication to the 3d plea and the following additional grounds: 1. It is not denied that the bond sued on contained the stipulations stated in said plea. 2. It is not denied that or about the 23d day of May, 1897, Lockwood Brothers rejected a lot of lumber as stated in said plea, and that by reason thereof there was a suspension of said work for three weeks, and that no notice thereof was given to this defendant until the 7th day of July, 1897.

To the replication to the 12, 14, 15 and 16 pleas as amended the defendant demurred upon the following grounds: 1. That said replication shows that the complaint in the case of Adams, Wright & Gossett v. Robertson contains the common counts as well as the special counts mentioned, and it is not denied that as to said common counts the said Robertson did claim as against the said demand of Adams, Wright & Gossett in the said

suit that they, said Adams, Wright & Gossett, had broken their said contract and that by reason of said breach, he, Robertson, had been damaged to the extent of to-wit, a thousand and seven 59-100 dollars and prayed judgment thereon. 2. It is not denied in said replication that the damages claimed in this suit are the same identical damages claimed by said Robertson and submitted to the jury in said suit of Adams, Wright & Gossett v. Robertson, and that the jury in said case considered said claim of damages. 3. It is not denied in said replication that in the said suit of Adams, Wright & Gossett v. Robertson, the said Robertson introduced evidence of his claim for damages growing out of the failure of said Adams, Wright & Gossett to carry out said contract, and that said jury found in favor of the claim of said Robertson. 4. The said replication shows that there was a plea to the common counts in said suit of Adams, Wright & Gossett v. Robertson claiming damages the same as claimed here, which said claim was submitted to the jury in said case and charged on by the court. 5. It is not alleged in said replication that the part of the judge's charge set out therein was all the charge given by the presiding judge in said case of Adams, Wright & Gossett v. Robertson gave the general charge in favor of said Robertson as to the counts A, 2 and 3 is no answer to said plea. 7. Said replication seeks to answer said plea in part only in that it fails to deny that the said Robertson by his plea 12 1-2 in said suit of Adams, Wright & Gossett v. Robertson sought to recoup the damages sought to be recovered in this suit, and it is not alleged that said plea 12 1-2 in said former case was ever withdrawn.

The defendant moved to strike the said several replications and this motion was overruled. The demurrers to each of the replications as above set out were overruled, and thereupon the defendant filed rejoinders to each of the replications to amended pleas 12, 14, 15 and 16. Under the opinion on the present appeal it is not necessary to set out at length said rejoinders; nor is it necessary to set out in detail the facts of the case.

The defendant excepted to so much of the general charge of the court which was in words and figures as

follows: "The measure of damages will be the difference reasonably and justly expended within the specifications between the amount of money paid to Smith & Graves for the completion of that building over and above the amount Robertson agreed to pay Adams, Wright & Gossett therefor, provided that the contract with Smith & Graves included the same as the contract of Adams, Wright & Gossett. In addition to the difference between what he agreed to pay Adams, Wright & Gossett and what he paid Smith & Graves, you will consider the number of days at $5 per day that there was a detention keeping the house from Robertson from the time it was to have been delivered, and then ascertain the value of the old house, or that part of it used by Adams, Wright & Gossett, and these items compose the amount the plaintiff is entitled to recover, and would be used by Adams, Wright & Gossett.

The defendant also excepted severally to the charge of the court that the plaintiff would be entitled to recover five dollars a day for the time the house was unfinished after the time it was to have been delivered; and separately excepted to that part of the general ·charge in which the court told the jury that the plaintiff could recover the value of that part of the old house which was used by Adams, Wright & Gossett."

Among the charges requested by the defendant, and to the refusal to give each of which the defendant separately excepted, were the following: (1.) "If the jury believe the evidence in this case, they will find a verdict in favor of the defendant." (2.) "If the plaintiff is entitled to recover at all, he is not entitled to recover anything more than the amount of the difference between what he paid Smith & Graves and the amount he agreed to pay Adams, Wright & Gossett, and the ·interest thereon from the date of the payment to Smith & Graves." (3.) "This defendant is not liable for the $5 per day for 60 days, amounting to $300, which the plaintiff claims by reason of the failure of Adams, Wright & Gossett to finish the house by the time contracted for." (4.) "This defendant is not liable in this suit for any amount if the

jury believe from the evidence that the suspension of the work under said contract occurred May 23, 1897, and lasted for about three weeks from said date, and that no notice thereof was sent to defendant, or either of its agents or officers before June 29th, 1897." (5.) "If the jury believe from the evidence that the plaintiff received a bid other than that of Carmichael for the completion of his house, after Adams, Wright & Gossett had quit work, which was lower than the bid of Smith & Graves, it was his duty to give the contract for the completion of said house to said lower bidder."

There were verdict and judgment for plaintiff assessing his damages at $1,083. The defendant appeals, and assigns as error the rulings of the court upon the pleadings which were adverse to the defendant, the rulings of the court upon the evidence and upon the charges requested, and the rendition of judgment in favor of the plaintiff.

WATTS, TROY & CAFFEY, for appellant.—The demurrer to the third count should have been sustained. The allegations of said count as to the breaches complained of were indefinite, uncertain, and full of conclusions rather than of statements of facts. It was not alleged to whom the notice, nor what notice, was given. Pleading should be certain and specific.—*Hart v. Bludworth*, 49 Ala. 218; *Reese v. McCurdy*, 121 Ala. 425; *Lawson v. Townes*, 2 Ala. 373; *Pryor v. Beck*, 21 Ala. 393; *Withers v. Knox*, 4 Ala. 138; *Ridgell v. Dale*, 16 Ala. 36; *Garrett v. Logan*, 19 Ala. 344; *Myrick v. Merritt*, 22 Fla. :

The demurrers to pleas 12, 14, 15 and 16 setting up the defense of *res judicata* should have been overruled.

It has been repeatedly held that a judgment in a cause, tried on its merits, is conclusive of *every* issue involved and of every issue which could have been made. *Chambers v. Gaillord*, 26 Ala. 504; *Wittick v. Traum*, 25 Ala. 317; *Thomasson v. Odom*, 31 Ala. 108; *O'Neal v. Brown*, 21 Ala. 482; *Pettis v. Tankersley*, 71 Ala. 179; *Haas v. Taylor*, 80 Ala. 459.

The law is well established that any facts which show the extinguishment of the debt against a principal also

extinguishes the debt against the surety.—*Governor v. McBroom*, 6 Port. 32; *State v. Parker*, 72 Ala. 81; *Bean v. Chapman*, 62 Ala. 58; *Bolling v. Tate*, 65 Ala. 117; *Brown v. Tillman*, 121 Ala. 626; 25 S. R. 836; *U. S. v. Ames*, 99 U. S. 35; *Mason v. Elred*, 6 Wall. 231; *Cage v. Cassidy*, 23 How. (U. S.) 109; *U. S. v. Chonteau*, 102 U. S. 603; *Bevins v. Ramsey*, 15 How. (U. S.) 179.

We also refer to the following cases as bearing on the question of *res judicata* herein discussed.—*Cannon v. Brown*, 45 Ala. 262; *McCall v. Jones*, 72 Ala. 368; *Tankersley v. Pettis*, 71 Ala. 179; *Galbreath v. Jones*, 66 Ala. 129; *Warring v. Lewis*, 53 Ala. 615; *Davis v. Bedsole*, 69 Ala. 362; *McDonald v. McDonald*, 50 Ala. 26; *S. & N. R. R. Co. v. Hurlein*, 56 Ala. 368; *State v. McBryde*, 76 Ala. 51; *McCally v. Robinson*, 70 Ala. 432; *Davidson v. State*, 63 Ala. 432; *Cook v. Parham*, 63 Ala. 456; *Martin v. Ellerbc*, 70 Ala. 326; *Chamberlain v. Gaillord*, 26 Ala. 504; *Wittick v. Traum*, 25 Ala. 317; *Thomasson v. Odorn*, 31 Ala. 108; *Perkins v. Moore*, 16 Ala. 17; *Chapman v. Smith*, 16 How. (U. S.) 114.

A. A. WILEY and CHARLES WILKINSON, *contra*.

SHARPE, J.—Adams, Wright & Gossett contracted in writing with plaintiff to build for the latter according to certain specifications a dwelling house, to furnish material therefor, to finish the work and deliver the building on or before the first of September, 1897, for which they were to be paid $3,450.20 in installments as the work progressed on certificates of the architect, fifteen *per cent.* thereof to be reserved until the completion and delivery of the building free from liens chargeable to the contractors. In the contract it was stipulated that "the old house on the lot shall become the property of the contractor and materials that are passed upon by the architects and accepted may be used in the new building;" also that "should the owner at any time during the progress of the work require any alterations of, deviations from, additions to, or omissions in the said contract, he shall have the right and power to make

such change or changes, and the same shall in no way injuriously affect or make void the contract, but the difference shall be added to or deducted from the amount of the contract as the case may be, by a fair and reasonable valuation;" also that "should the contractors at any time during the progress refuse to supply a sufficiency of workmen or materials, or cause any unreasonable delay or suspension of the work, or fail or refuse to comply with any of the articles of agreement, the owner or his agent shall have the right and power to enter upon and take possession of the premises, and provide materials and workmen sufficient to finish the work, after giving three days notice in writing directed, and delivered to the party of the second part; and the expense of finishing the various works shall be deducted from the amount of the contract." By another clause the contractors agreed that in the event of their failure "to deliver the works completed on the date above mentioned", they would forfeit to plaintiff five dollars for each day thereafter that the same remained unfinished, such forfeitures "to be deducted from the amount to be paid under this contract."

After the execution of this contract Adams, Wright & Gossett as principals together with this defendant as surety executed a bond conditioned for the compliance by the contractors "with all the terms, covenants and conditions" of the building contract which contract is expressly referred to as forming part of the bond, and the latter contains certain provisions looking to the protection of defendant as a surety, one of which is "that said surety shall be notified in writing of any act on the part of the said principals or their agent or employes which may involve a loss for which the said surety is responsible hereunder, immediately after the occurrence of such act shall have come to the knowledge of the duly authorized representative or representatives of said W. T. Robertson who shall have supervision of the completion of said contract," etc. Another proviso of the bond was "that if the said principals shall fail to comply with all the conditions of said contract to such an extent that the same shall be forfeited, then said surety shall have

the right and privilege to assume said contract, and to sub-let, or complete same whichever said surety may elect to do, provided it is done in accordance with said contract."

On the 7th of July, 1897, after Adams, Wright & Gossett had partly built the house, using therein mainly new material, but some timbers of the old house, plaintiff served them with the following notice: "T. J. Adams, W. C. Wright, A. J. Gossett, Adams, Wright & Gossett, Sir: Notice is hereby given you that you have breached the contract entered into with the undersigned in this: 1st, You have failed or refused to provide all manner of material and labor, etc. needful for the due performance of the several works incident to building my house as provided in 4th paragraph of contract of April 26th, 1897. 2nd, That you have refused to supply sufficiency of workmen and material and caused an unusual delay or suspension of the work, or failed or refused to comply with said articles of agreement of April 26th, 1897, as provided by section 6, and other provisions in contract of said date. Now in compliance with said stipulations, I notify you that said contract is forfeited, and I shall exercise my rights in the premises as I may see proper. W. T. Robertson."

About the time of this notice plaintiff notified the defendant that the contractors had failed to comply with their contract, and defendant declined to undertake the completion of the work, whereupon plaintiff employed Smith & Graves to complete the building according to the original plans except that two rooms were added extra. These last contractors under their contract with the plaintiff received and used in the building certain new material which had been provided therefor by Adams, Wright & Gossett and under the same contract the remaining timbers of the old house went into their possession and were used partly in completing the house and partly in structures of their own. The building in question was not finished until several months after the time fixed therefor by the contract with Adams, Wright & Gossett. The defendant is here sued alone as an obli-

gor on the bond whereby it guaranteed the performance by Adams, Wright & Gossett of their contract.

The demurrer to count 3 of the complaint was properly overruled. That count set out in full the bond sued on including the building contract, and avers the latter was in specified particulars, unperformed, that the damages claimed resulted, and that settlement thereof was demanded of defendant and refused. These averments pointed with sufficient definiteness to a breach of the bond and contained the essentials of a cause of action.

The court's action in sustaining demurrers to pleas was free from error. The provision of the building contract referred to in plea 4 which authorized the temporary reservation from payments of 15 *per cent.* of estimated earnings, we construe as being solely for the plaintiff's benefit, and consequently as one which he, in the absence of any prohibition in the bond, was privileged to waive without prejudice to his rights against the defendant.

If after the execution of the bond additions to the building were agreed upon and made as averred in plea 9, that fact may have importance as tending to show a waiver by plaintiff of the stipulation as to time for completion of the house (*Cornish v. Suydam,* 99 Ala. 620) ; but it is not inconsistent with his right to insist on the performance of others. The original contract having expressly provided for making "alterations of, deviations from, additions to or omissions in said contract" without avoidance of the same and upon the basis of a corresponding change in the original contract price, it does not follow that the facts averred in either plea 9 or plea 10 had effect to release the defendant from its undertaking.

Pleas 12, 14, 15 and 16 as first filed were merely to the purpose of showing there had been an adjudication of the plaintiff's present claim under a plea setting up a counter-claim by him in a suit on the original contract brought against him by Adams. Wright & Gossett. Neither of these pleas shows that defendant was a party to that suit, or that it stands here as the representative of Adams, Wright & Gossett in respect to the matters

there determined; hence it does not appear that the judgment in that suit is binding on the parties in this. A judgment to conclude either party as to the matter thereof must be such as to work a mutual estoppel, hence a plea of *res adjudicata* to be good must show the parties litigant in the two suits are the same.—*Allison v. Little,* 85 Ala. 512, s. c. 93 Ala. 150; *Galbreath v. Jones,* 66 Ala. 129; *Burgin v. Raplee,* 100 Ala. 433. But under the principle last stated the demurrer to the second replication to plea 11, and the demurrers to the replications to pleas 3, 5, 7 and 8, respectively, should have been sustained. Those replications set up in substance that the judgment in the suit of Adams, Wright & Gossett against the plaintiff was rendered in the latter's favor, and this fact is so pleaded and relied on as exonerating the plaintiff from breaches on his part of the original contract. As to that matter, the former judgment, lacking identity of parties with those in the present suit, does not of itself preclude this defendant from maintaining at its first opportunity, that the non-performance of the original contract was attributable to the fault of plaintiff and not of Adams, Wright & Gossett.

The demurrers to replications pleaded to amended pleas 12, 14, 15, and 16, respectively, should also have been sustained. Those pleas as amended each presented substantially the same matter for defense, viz., that in the suit referred to of Adams, Wright & Gossett against this plaintiff the latter was by the verdict and judgment allowed the benefit of a counter-claim then interposed for the identical damages here sued for whereby the same was paid or extinguished by or at the expense of the principals in this bond. The sufficiency of these pleas is not here in question. They are neither denied nor avoided by anything contained in the replications. The averments of the replications to effect that this plaintiff's plea of recoupment filed in his suit with Adams, Wright & Gossett was directed only to special counts of the complaint which were not submitted to the jury must be taken as mere conclusions which are controlled and rendered nugatory by the plea itself which

is set out and referred to in these pleadings and wherefrom it appears that the plea of recoupment was applicable to all the counts of that complaint. The replications do not show that the plea of recoupment was withdrawn or disallowed in the former suit, nor do they negative that there was a finding in favor of this plaintiff on that plea to the extent of allowing in extinguishment of the claims of Adams, Wright & Gossett, the whole of the damages here claimed against their sureties.

To plea 2 there were two replications and likewise to plea 11 there were two replications. There is a demurrer "to the replication to plea 2" and another "to the replication filed to plea 11"; but both these demurrers are ineffective because they fail to specify the particular replication to which they are respectively directed. Like indefiniteness vitiates the motion to strike parts of those replications. The elimination of the repfications we have pronounced insufficient will dispense with the rejoinders, therefore assignments of error relating to rejoinders need not be further noticed.

Many questions here raised as to matters of evidence and instructions to the jury may be left unanswered, since on another trial they will probably assume new forms or be obviated under altered issues. The controversy so far as it pertains specially to the old house can be properly disposed of by treating the value of the part of the old timbers used by the contractors, respectively, as money paid them in consideration of their respective undertakings.

On the proof in this record damages for delay in building, if the plaintiff should be found entitled to recover such damages, should be estimated according to the loss actually sustained on that account by the fault of Adams, Wright & Gossett rather than by the stipulation in their contract on that subject. Apparently that stipulation was intended to be effective only in the event of those contractors continuing in the work under the contract beyond the time it fixed for their delivery of the house. The plaintiff having before that time, declared the contract forfeited and treated it so by ousting Adams, Wright & Gossett from its further performance

cannot maintain that the contract was thereafter continuing so as to bind them to such further performance. As bearing on this question though not strictly in point see *Lennon v. Smith,* 124 N. Y. 578.

The word "immediately," as used in the above quoted clause of the bond which required notice to defendant of acts involving its liability, should be construed as meaning within a reasonable time; and the question of what is a reasonable time is ordinarily for the jury, and they should determine the question in view of the attendant circumstances in evidence.—*Fidelity & Deposit Co. of Maryland v. Courtney,* U. S. Sup. Ct. Oct. Term 1902, Pamph, Ed. No. 16, p. 833.

For the errors pointed out the judgment will be reversed and the cause remanded.