## MERVINE *vs.* PARKER.

1. A judgment is conclusive at law of the rights of the parties, and fully determines all defences that might have been urged against the demand before the judgment was rendered.
2. So also, the recovery of a judgment is conclusive against the defendant that the money is legally due to the plaintiff, and not to another, and if the defendant assumes to pay it to a third person, upon the idea that such third person is beneficially entitled to receive it, he acts at his peril, and at law cannot be credited with such payment in opposition to the legal rights of the plaintiff, although equity might afford him relief.

ERROR to the Circuit Court of Montgomery.   Tried before the Hon. Thomas A. Walker.

THIS was a motion made by the plaintiff in error to have satisfaction entered of a judgment recovered against him by the defendant in error in the Circuit Court of Montgomery county, at its fall term 1843.   It appears by the bill of exceptions that the plaintiff offered evidence to prove that the judgment, although rendered in the name of Parker, the defendant, was in fact the property of one Parish—that the cause of action on which it was founded belonged to said Parish, and that he had since its rendition paid him the amount due on said judgment. The defendant objected to the evidence thus offered, and the court sustained the objection.   The defendant introduced evidence to show that the matters in controversy between the parties had been submitted to an arbitration and the award of the referees was produced showing a decision in his favor.   The plaintiff then offered to prove by the arbitrators the facts on which their award was founded, for the purpose of showing that the legal conclusion at which they had arrived was erroneous, and therefore that the paper, purporting to be their award, was not their award in law.   To this the defendant objected and the court sustained his objection.   These several rulings of the court were excepted to by the plaintiff, and are now assigned as error.

ELMORE & YANCEY, for the plaintiff.

BELSER & HARRIS, for the defendant.

PARSONS, J.—A judgment is conclusive at law of the rights of the parties, and fully determines all defences that might have been urged against the demand before the judgment was rendered. This is so familiar a principle, that it needs no authority to support it. So, likewise, the recovery of a judgment is equally conclusive against the defendant that the money is legally due to the plaintiff, and not to another, and if the defendant assumes to pay it to a third person upon the idea that such third person is beneficially entitled to receive it, he acts at his peril, and at law he cannot claim to be credited with such payments, in opposition to the legal rights of the plaintiff, even if equity would afford him relief. Applying these principles to the case before us, it is clear that the court did not err in rejecting the testimony, for it did not tend to prove a legal payment, that is, a payment to Parker, the plaintiff, who recovered the judgment in his own name. Whether the evidence could have been received to prove a payment to Parish, it is unnecessary to decide, for a payment to him, either before or after the rendition of the judgment, could not be received as a satisfaction of it. It is entirely unnecessary to examine the question, whether the evidence should have been received, which was offered to set aside the award. If the award had been set aside, the judgment would have been left, as it now stands, in full force and effect at law. There is no error in the judgment of the court in refusing the motion to enter satisfaction, and consequently it must be affirmed.