Coring-, J.,
dissenting:
The former judgment was necessarily on the merits, for the general demurrer admitted the facts stated in the petition, and the decision was made by applying the law to those facts, in the same way and with the same effect as if they had been proved by witnesses.
Then the sole cause of action in this second petition is the two contracts counted on in the first, on which the judgment was rendered.
And where the judgment in a former suit was on the merits, and on the same cause of action counted on in a second, the bar is peremptory on the reasons and authorities stated in the opinion read by the Chief Justice.
All that is claimed here, is, that this second petition contains a material allegation omitted in the former petition. But whether this is so or not, is immaterial, because the claimant had the same case before as now, and could then have made the same averments as now; and if he neglected to do so, it was his own fault, and he must take the consequences of that, and cannot inflict them on the other party in the shape of renewed litigation.
This is the rule even where the first judgment is on a matter of form. In 2 Smith’s L. C., 809, (notes to Dutchess of Kingston’s Case, 6th ed.,) the rule is thus stated: “ That the former decision was on technical grounds and did not touch the merits of the controversy, will moreover be immaterial, unless the proceeding was one in which they could not have been heard and determined; and a party who fails to maintain his case by the proper allegations or evidence must submit to the consequences of his negligence and cannot have relief in another suit. [Carter v. Grout, 6 John., 168; Jones v. Scriven, 8 id., 452; Gray v. Gelellan, 15 Ill., 454.”)
It is true that the decision of this court in the former case has been overruled in a subsequent ease, but that does not vacate the former judgment or alter its legal effect between the parties. ' The authority just cited says: “ And it is equally settled that the correctness of a judgment cannot be impeached on *55 the ground that the] aw was mistaken by the court, or the facts wrongfully found by a jury, because the proper remedy lies in a bill of exceptions or motion for a new trial, and any injury which results from a failure to pursue it must be imputed to the negligence of the injured party, and not to the tribunal which decided against him. (Kelly v. Pike, 5 Cushing, 484; March v. Pier, 4 Bardle, 285; Lloyd v. Barr, 1 Jones, 41; Baker v. Rand, 13 Barbour, 152; Mervine v. Parker, 18 Ala., 241; 3 L. C. in Equity, 184, 3d. Am. ed.”)
I think the defendants are entitled to judgment.