## CANNON vs. BRAME.

[TROVER FOR CONVERSION OF A SLAVE.]

1. *Judgment of court of concurrent jurisdiction ; force and effect of as plea or as evidence.*—In civil cases the judgment of a court of concurrent jurisdiction, directly upon the point is as a plea, a bar, and as evidence, conclusive, between the same parties upon the same matter directly in question in another court. And the cause of action is the same when the same evidence will support both actions, although the actions may happen to be founded on different writs.
2. *Judgment in replevin in Florida ; how far conclusive in Alabama.*—The exemplification of a judgment in replevin, rendered in the circuit court of Florida, between the same parties upon the same cause of action, is as conclusive in Alabama as in Florida, although given in evidence under the general issue.

APPEAL from City Court of Montgomery.
Tried before Hon. THOS. M. ARRINGTON.

The facts are sufficiently stated in the opinion.

MARTIN & SAYRE, for appellant.
WATTS & TROY, *contra.*

B. F. SAFFOLD, J.—This suit is an action of trover by the appellant against the appellee, for the conversion of a slave.   On the trial the appellant introduced in evidence an exemplification of the record of a suit in the circuit court of Florida, which the appellant instituted against him in replevin for the recovery of the same slave.   From this record it appears that the judgment in the replevin suit was in favor of the appellant.

The court charged that this judgment was not conclusive against the defendant in this action, and the jury might give to it what weight they thought proper.   From this ruling the appeal is taken.

The constitution of the United States requires that full faith and credit shall be given, in each State, to the public acts, records and judicial proceedings of every other State. Art. IV.   A judgment, therefore, is conclusive in every

other State, if a court of the particular State where it was rendered would hold it conclusive.—1 Kent's Com. 274, (11th ed.) It is placed rather on the footing of domestic judgments.—*Gunn v. Howell,* 27 Ala. 663. The constitution intended something more than to make the judgments of State courts *prima facie* only. In civil cases the judgment of a court of concurrent jurisdiction, directly upon the point, is as a plea, a bar, and as evidence, conclusive, between the same parties upon the same matter directly in question in another court. A verdict for the same cause of action, between the same parties, is absolutely conclusive. And the cause of action is the same when the same evidence will support both actions, although the actions may happen to be founded on different writs. Thus a judgment in trespass will be a bar to an action of trover for the same taking. And a verdict in trover will be a bar to an action for money had and received for the sale of the same goods.—Starkie Ev. by Sharswood, 391, 301, 302.

I can not see what difference can be made in the effect of a judgment as evidence when admitted to support it as a plea in bar, and when given in under the general issue.

The appellee maintained the action of replevin in Florida for the slave, though he lost the suit on the merits. He might have maintained trover.—Tidd's Pract. 1013. When, in an action of trover for books of account, Lord Ellenborough intimated that the bringing an action of trover was not the most convenient remedy in a case of this nature; and said that he had heard Mr. Wallace express his surprise that the remedy by replevin was not more frequently resorted to, by means of which the party might obtain possession of the specific chattel of which he had been deprived, instead of an action of trover, in which he would recover damages only.—Tidd's Pract. p. 5. The two remedies are sufficiently co-extensive to embrace the same cause of action. The court erred in charging that the jury might give to the exemplification what weight they thought proper. If it would be a bar to the action in Florida, it must be so here, and we must suppose that it would, unless some reason is shown why it should not be.

The judgment is reversed, and the cause remanded.