# Troy Fertilizer Co. *v.* Prestwood.

*Bill in Equity to enjoin Pending Suit.*

1. *Jurisdiction; right to maintain bill during the pendency of another suit involving the same question.*—Where the jurisdiction of a court and the right of the plaintiff to prosecute a suit has once attached, that right can not be arrested or taken away by proceedings in any other court in reference to the same subject matter; and where a bill has been filed in a chancery court of one county to have a deed to lands declared fraudulent and void as against the grantor's creditors, and such court has acquired jurisdiction of the parties and the subject matter of the suit, the grantee in said deed can not, during the pendency of such suit, maintain a bill in another court, to enjoin the suit and have the deed declared a valid conveyance; and such facts ap-

pearing on the face of the bill, such objection to the maintenance of the suit can be raised by demurrer.

2. *Same; same; statutory claim suit.*—Where the creditor of a vendor levies an attachment upon property alleged to be fraudulently conveyed, which is in the possession of the vendee, who interposes a claim to the property, such vendee can not, subsequently maintain a bill to enjoin the enforcement of a judgment rendered in the attachment suit by a sale of the property levied upon, since he had an adequate remedy in the claim suit which was instituted by him.

APPEAL from the Chancery Court of Pike.

Heard before the Hon. JERE N. WILLIAMS.

The bill in this case was filed by the appellee, Georgia A. Prestwood, against the appellants, the Troy Fertilizer Co. and W. D. Henderson and Charles Henderson. The purposes of the bill and the facts of the case are sufficiently stated in the opinion.

Each of the respondents interposed a separate demurrer to the bill, assigning therefor the following grounds: "1st. It is shown by said bill that the chancery and circuit courts of Coffee county, Ala., have already taken jurisdiction of the subject matter embraced in this bill, and of the parties thereto. 2d. No reason is assigned why the chancery court of Coffee county has not the jurisdiction and the power to grant relief to this complainant which is sought in this bill. 3d. Said bill seeks to remove from the title of complainant a cloud which is sought to be cast over said title by a suit pending in another jurisdiction and which involves the validity of complainant's title. 4th. The bill in this cause seeks to establish the title of complainant to the lands, which is already being assailed in another court which has jurisdiction of the subject matter and of the parties, and there is no reason assigned why that court which has already acquired jurisdiction of the subject matter and of the parties can not confirm the complainant's title, if she has any."

Upon the submission of the cause upon these demurrers, the chancellor adjudged that they were not well taken, and rendered a decree overruling them. From this decree the present appeal is prosecuted, and the same is here assigned as error.

R. L. HARMON, for appellants.—If it appears upon the face of the bill that another suit is pending in another

[Troy Fertilizer Co. v. Prestwood.]

court of equity in the same jurisdiction, between the same parties for the same cause of action, the objection may be taken by demurrer.—1 Encyc. of Plead. & Prac. 773 ; 1 Foster's Fed. Prac., § 108 ; Daniel's Chancery Pl. & Pr., 537, § 561 ; Story's Eq. Pl., (10th ed.), §§ 488, 736.

2. We think it very clear that the demurrer filed by the Troy Fertilizer Co. should have been sustained. The bill shows on its face a pending suit in the chancery court of Coffee county between the same parties (except that F. M. Prestwood and Shiver, two of the defendants, are left out of this bill),for the same subject matter ; and it is not shown by the bill that complainant could not have all the relief in that case which she would be entitled to in this.—*Foster v. Napier*, 73 Ala. 595 ; *Coaldale B. & T. Co. v. S. C. Co.*, 110 Ala. 605 ; High on Injunctions, (3d ed.), §§ 48 to 52, 56 ; Pomeroy's Eq. Juris. (2d ed.), § 1372 ; 10 Amer. & Eng. Encyc. of Law, 795 ; *Gay v. Brierfield C. & I. Co.*, 94 Ala. 308 ; *Williams v. Dismukes*, 106 Ala. 402 ; *Maxwell v. Peters Shoe Co.*, 109 Ala. 371.

3. A chancery court will enjoin the sale of property which has been levied upon, and is being pursued by a *bona fide* creditor, in the hands of an alleged fraudulent grantee—*Caldwell v. Lawler*, 70 Ala. 293 ; *Rea v. Longstreet*, 54 Ala. 291 ; *Gunn v. Harrison*, 7 Ala. 585 ; *Marriott v. Givens*, 8 Ala. 694 ; High on Injunctions, (3d ed.), 120 ; 10 Amer. & Eng. Encyc. of Law, §§ 50, 61, 65, 795 ; *Walker's Appeal*, 112 Pa. St. 579 ; *Lumbering Co. v. Lovejoy*, 55 Mich. 189.

HUBBARD & HUBBARD, *contra.*—1. In the suit pending in a chancery court of Coffee county, the complainant could not set up the right invoked and insisted upon in the present suit. She, therefore, has a right to maintain the present bill.—*Davis v. Cook*, 65 Ala. 617 ; *Jones v. Robinson*, 77 Ala. 499.

2. The objection interposed to the maintenance of the present suit can not be raised by demurrer, but should be made by motion to dismiss.—*Branch Bank v. Rutledge*, 13 Ala. 196 ; *Shrader v. Walker*, 8 Ala. 246 ; *Butler v. Butler*, 11 Ala. 672.

HARALSON, J.—1. On the 19th November, 1891, F. M. Prestwood conveyed to his wife, for the recited

consideration of $5,000, the tract of land described in the bill. On the 29th December, 1893, The Troy Fertilizer Company, in order to collect the notes of said F. M. Prestwood, which are described, filed its bill in Coffee chancery court, in which county the lands were situate, and where Prestwood and wife lived, against him and his wife, W. D. and Charles Henderson, and one Shiver, supposed to have some claim, the object of which bill was to condemn said lands by the decree of said chancery court, as the property of said F. M. Prestwood, to the payment of their claims against him, consisting of three promissory notes, each dated the 6th March, 1893, two of them being for $480, each, one payable on the 1st of October, 1893, the other, on the 15th November, 1893, and the third note for $540, due the 1st November, 1893, on the ground, that the said conveyance of said lands, by Prestwood to his wife was fraudulent and void, having been made to hinder, delay and defraud the creditors of said defendant. The bill is now pending and undetermined in said chancery court.

The bill in this case was filed by said Georgia A. Prestwood in the chancery court of Pike county on the 9th of April, 1895, against the Troy Fertilizer Company, and W. D. and Charles Henderson. It seeks among other things, to enjoin that suit in the chancery court of Coffee county, and have the question of the validity of said deed,—whether it be void for fraud or not,—adjudicated by the chancery court of Pike county.

As between the appellant, the Troy Fertilizer Company, and Georgia A. Prestwood, the grantee in said deed, the subject-matter of the chancery suit in Coffee is the identical subject-matter, so far as said parties are concerned, as that of the cause in Pike chancery court, and the purpose is the same in effect,—that, on the part of the Troy Fertilizer Company in the Coffee chancery court, to have said deed declared fraudulent and void, and that on the part of Georgia A. Prestwood, the grantee in said deed, in the Pike chancery court, to have it sustained as a *bona fide,* valid conveyance of the said lands to her. For this purpose, the chancery court of Coffee county, on the commencement of the said suit therein, acquired jurisdiction of the subject-matter and the parties in interest. The principle so well settled, that "where the jurisdiction of a court and the right of

a plaintiff to prosecute in it, has once attached, that right cannot be arrested or taken away by proceedings in any other court,'' is directly applicable.—*Gay, Hardie & Co. v. Brierfield C. & I. Co.*, 94 Ala. 308; *Hause v. Hause,* 57 Ala. 265; *Foster v. Napier,* 73 Ala. 596; *Peek v. Jennes,* 7 How. (U. S.) 624. The fact, that the chancery court of Coffee county had acquired jurisdiction of the same matter in a controversy between the same parties, in a suit between them therein pending when this bill was filed, appearing on the face of this bill, was sufficient objection to its maintenance, which objection was properly raised by demurrers.—Story's Eq. Pl., § 488; Daniel Ch. Pl. & Pr., 537, § 561.

2. The fact appears, that on the 6th of December, 1893, before the Troy Fertilizer Company filed its said bill in the chancery court of Coffee county,—on the 29th of December, 1893,—the said Hendersons ''sued out an attachment from the circuit court of Pike county against said F. M. Prestwood, based on his three promissory notes for about $1,200, each dated May 24th, 1893, falling due, respectively, on November 1st, 1893, 1894, 1895; that said attachment was sued out on the ground that the defendant, F. M. Prestwood, had fraudulently disposed of his property, and the attachment was levied on the lands embraced in said deed from him to his wife, the said Georgia A. Prestwood, and also on said 80 bales of cotton, and the attachment was returned to the circuit court of Pike county; that after said bill was filed and subpoenas thereon were served, said Hendersons dismissed their said attachment, and immediately sued out three others, one upon each of the aforesaid notes upon which the first attachment was based, and upon the same ground, and each of said attachments was levied on all of said lands, and one of them on 30 bales and the other two, each, on 25 bales of said cotton; that said suit is still pending and undecided in the chancery court of Coffee county; that said Georgia A. Prestwood claimed said cotton and has given claim bonds with sufficient security therefor, and for the delivery of the same if found adversely to her in said claim suits, and under said claim bonds she has possession of said cotton.''

It is further alleged that each of said debts was created subsequent to the date and recording of said deed by her husband to complainant; that at the Fall Term, 1894,

the said Hendersons, in one of said attachment suits, obtained judgment for about $1,000, and that in said cause, they will, if not prevented, sell said land and cotton levied on therein, and will do the same in the other causes, and in the chancery cause, unless prevented. In what court the said attachments were sued out and made returnable, does not appear.

3. The plaintiffs in attachment, by the injunction sought in this case, are to be restrained from collecting their judgment by a sale of the lands levied on, or otherwise. It is pertinent to inquire, then, why these claim suits should be enjoined, and the further consideration arising out of them, arrested by the chancery court, for its adjudication. The law court is competent to try and determine every matter growing out of them, and unless some equitable ground be brought to light, further than is shown in this case, why the jurisdiction of that court should be arrested from further interference, it should be left untrammeled in the exercise of its jurisdiction by the injunction of the equity court.

The chancery court should be slow to interfere with trial of claim suits, when by so doing it might impair or destroy the rights of the plaintiffs in attachment on the claim bonds executed for their security by the claimant. What was said in a kindred case,—*Gunn v. Harrison*, 7 Ala. 585,—is so applicable, we venture to quote it: "No reason whatever is shown in the bill, for compelling the creditors of Betts [the defendant] to litigate this matter in the court of chancery. If they improperly levy their judgments on property belonging to complainant, the statute which authorizes him to interpose his claim and arrest the progress of the execution, is a cheap and adequate remedy at law, where, for anything shown in the bill, the true question between the parties,—whether the sale from Betts to the complainant was fraudulent or not,—could be ascertained as well, if not better than in chancery. Or, if complainant did not think proper thus to interpose and arrest the sale of the property, he would have an adequate remedy at law against all the parties concerned in the sale."

4. All the parties to this bill, as we have seen, are before the court in said suit pending in the chancery court of Coffee county, with all their controverted rights and interests in the lands in question, sought by the

[Dúrr, *et al.* v. Wilson, *et al.*]

present bill to be arrested in said chancery court, and brought into the chancery court of Pike county for adjudication and settlement.   The jurisdiction of the Coffee court having first attached must not be restrained in the exercise thereof.   Nothing is brought to light on the face of this bill to make it appear, that that court may not, in the said suit pending therein, by a proper adjustment of its proceedings and decrees to the interests in hand, administer as complete relief as is sought in this bill to be done.   The demurrers to the bill by each of the appellants should have been sustained.

Reversed and remanded.


