# Williams, *et al. v.* Gaston, *et al.*

## *Ejectment.*

(Decided Nov. 27th, 1906.　42 So. Rep. 552.)

*Abatement; Another Action Pending; Ejectment; Unlawful Detainer.*—A plea setting up the pendency of an unlawful detainer suit between the same parties and for the same land is not a bar to an action in ejectment brought by the same plaintiff against the same defendant.

APPEAL from Marengo Circuit Court.

Heard before HON. A. H. ALSTON.

Ejectment by Wesley J. Williams and others, as trustees, against Joe Gaston and others. From a judgment overruling a demurrer to a plea in abatement setting up the pendency of a suit in unlawful detainer by the same plaintiffs against the same defendants, plaintiffs appeal.

ELMORE & HARRISON, for appellant.—Action of ejectment and unlawful detainer are not the same in either substance or form.—*Bucltinger v. Hurley*, 34 Kan. 585; *Drey v. Doyle*, 28 Mo. App. 249. The action of unlawful detainer is possessory and the estate on merit of title cannot be inquired into.—*McGonnegal v. Walker*, 23 Ala. 368; *Giddings v. Bowling*, 92 Ala. 586; *Bishop v. Truitt*, 85 Ala. 376; *Houston v. Farriss*, 71 Ala. 570; Sec. 2135, code 1896. While in an action in ejectment the legal title only is involved.—*Lomb v. Pioneer S. &*

[Williams, et al. v. Gaston, et al.]

L. Co., 106 Ala. 591. Plea in abatement because of the pendency of another suit has the same office as res adjudicata.—*Rood v. Eslava,* 17 Ala. 430; *Foster v. Napier,* 73 Ala. 604. As a former judgment cannot be pleaded in bar to a subsequent suit between the same parties in the action of ejectment, it would seem that the pendency of another action between them at the time the second suit it brought will not be good in abatement.— *Hall v. Wallace,* 25 Ala. 438; *Camp v. Forrest,* 13 Ala. 114; *Mitchell v. Robinson,* 15 Ala. 412. It is a well settled principle of law that a prior suit between the same parties is not available unless the same points are directly in question, and the judgment which should be rendered in the prior action would be conclusive between the parties and operate as a bar to the second suit.—*Tankersly v. Pettis,* 71 Ala. 186; *McCall v. Jones,* 72 Ala. 368; *Foster v. Napier,* 73 Ala. 603. A judgment in ejectment is not final and will not bar a second suit between the same parties.

ABRAHAM & SIMON, and HENRY MCDANIEL, for appellee.—The pendency of a suit previously instituted between the same parties for the same cause of action and in a court having jurisdiction of the subject matter is subject to plea in abatement.—110 Ala. 605; 112 Ala. 654. The vexatiousness of two or more suits at the same time is corrected by a plea of the pendency of the former suit.—*Wilson v. Pearson,* 102 N. C. 290; *Boland v. Benson,* 50 Wis. 225. It is well settled that the pendency of the prior suit for the same cause of action in a court of competent jurisdiction between the same parties will abate a later suit.—73 Ala. 597; 7 Ala. 601; 10 Ala. 958; 17 Ala. 430; 38 Ala. 199; 130 Ala. 305. Suits will be regarded as involving the same subject matter when the same evidence will support both actions.—66 Ala. 129; 25 Ala. 300; 45 Ala. 262. The plea shows specifically that the two suits are for one and the same cause of action and are pending at one and the same time.

TYSON, C. J.—But a single question is presented by this record for our determination. It is whether the plea in abatement setting up the pendency, when this ac-

tion was instituted, of a certain action of unlawful detainer brought by these plaintiffs against these defendants for the possession of the land here sought to be recovered, is subject to the demurrer interposed to it. The principle upon which such a plea is allowed and sustained is that the later action is deemed unnecessary and vexatious. And, clearly, in order to hold the subsequent suit to be unnecessary, it is an essential prerequisite that the judgment in the former or prior action should be conclusive between the parties and operate as a bar to the second.—*Rood v. Eslava,* 17 Ala. 430; *Hall v. Wallace,* 25 Ala. 438; *Foster v. Napier,* 73 Ala. 595; 1 Cyc. p. 28 (2), and cases cited in note 38. It is not enough to sustain the plea that the same land is involved in both actions. It must be for the same injury, and the same matters must be in issue that were in issue and might have been tried in the first action; otherwise, the causes of action are not identical.—1 Cyc. p. 28.

It is entirely clear that a judgment in unlawful detainer, based, as it must be, upon a complaint predicated upon a lawful entry by the defendant of the lands and a refusal to deliver the possession thereof to the plaintiff upon demand in writing after the termination of his possessory interest, is not and cannot be a bar to an action of ejectment between the same parties for the same land, for the obvious reason that the issues involved in the two actions are not necessarily the same. In one the estate or merits of title cannot be inquired into (section 2135 of code of 1896), whereas, in the other, the title to the land may be the only question involved. In the action of unlawful detainer the plaintiff is required to show actual prior possession; and, if the action was commenced before the termination of the tenancy, the plaintiff must fail. Furthermore, three years is the limitation after the right to possession accrues, within which the suit must be brought.—Section 2136 of code of 1896. That a judgment in the unlawful detainer suit would not be a bar to the action of ejectment is decided in *Robinson v. Allison,* 97 Ala. 596, 12 South. 382, 604, and we think correctly so. The question here under consideration was directly and pointedly decided in *Buettenger v. Hurley,* 34 Kan. 585, 9 Pac. 197, and *Martin v.*

[Simmons v. Sharpe, et al.]

*Splivalo,* 69 Cal. 611, 11 Pac. 484, holding that pleas, in substance the same as this one, were bad.

Reversed and remanded.

DOWDELL, ANDERSON and McCLELLAN, JJ., concur.