(75 South. 276)

DUNNING v. TOWN OF THOMASVILLE.
(1 Div. 236.)

(Court of Appeals of Alabama.   April 17, 1917.)

1. LICENSES ⬨⟿32(2)—LICENSE TAXES—REMEDIES.

Under municipal ordinance requiring payment of license tax by cotton seed buyers and providing penalty for failure to secure a license, the penal provision is merely cumulative, and the municipality can, in assumpsit, recover the amount of the tax.

[Ed. Note.—For other cases, see Licenses, Cent. Dig. § 66.]

2. APPEAL AND ERROR ⬨⟿175—SCOPE OF REVIEW.

Where the bill of exceptions recited that a plea setting up a prior judgment should be considered as filed, although no plea of res judicata

was filed, the court on appeal will review the action of the trial court as if the issue actually tried had been made up in due form.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1137–1140.]

3. JUDGMENT ⬨⟿540—CONCLUSIVENESS.

When a judgment is rendered by a court of competent jurisdiction on the merits, it is conclusive between the parties.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1079.]

4. JUDGMENT ⬨⟿559—CONCLUSIVENESS—RES JUDICATA.

Where a municipal ordinance required cotton seed buyers to pay a license tax and provided a penalty for failure to do so and the city prosecuted a buyer for his failure to secure a license, the judgment barred a subsequent action in assumpsit for the amount of the license fee.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1077, 1078.]

5. APPEAL AND ERROR ⬨⟿193(9) — SCOPE OF REVIEW—WAIVER OF ERROR.

The complaint of a municipal corporation to recover a license fee, if founded upon an invalid ordinance, affords no legal support for a judgment in favor of the city, although its sufficiency was not questioned in the trial court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1232–1236.]

Appeal from Circuit Court, Clarke County; Ben D. Turner, Judge.

Suit by the Town of Thomasville against R. G. Dunning. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Thomas W. Davis, of Thomasville, for appellant. Jesse V. Boyles, of Thomasville, for appellee.

BRICKEN, J. The municipality of the town of Thomasville instituted suit in the circuit court of Clarke county, seeking to recover from the appellant the sum of $125, which sum was alleged to have been due for the engaging in the business of buying cotton seed during one-half of the year 1914. The cause of action is grounded on the provisions of an ordinance which imposes a license on the exercise of the privilege. The complaint consists of a special count in assumpsit which sets out in hæc verba the entire ordinance. This ordinance contained a provision making it unlawful to engage in any business for which a license was required without having first paid the license, and a penalty was prescribed for the violation thereof. It was contended that the municipality was confined to a prosecution under this penal section, and it was also contended that as it appeared from the averments of the complaint that the circuit court was without jurisdiction, it should have dismissed the case on motion of appellant.

[1] The ordinance, if valid, created a legal liability which could be enforced by an action in assumpsit, as it contained no provision making any remedy it prescribed exclusive. In such instances the remedy given by the ordinance is merely cumulative. The trial court properly refused to dismiss the case on this ground. Griel Bros. Co. v.

City of Montgomery, 182 Ala. 291, 62 South. 692, Ann. Cas. 1915D, 738; City of Anniston v. South. Ry. Co., 112 Ala. 557, 20 South. 915.

It appears from the bill of exceptions that it was agreed that:

"The said R. G. Dunning had been arrested for doing business without taking the license for which he is sued, by the town of Thomasville, in this court, and that upon the trial of said cause on the criminal docket of the circuit court of Clarke county, Ala., the same having been appealed to that court from the mayor's court of the town of Thomasville, Ala., the said R. G. Dunning was acquitted of said charge; that this trial was had and judgment rendered therein prior to the institution of this suit, and no appeal was taken from said judgment."

[2] While no plea of res judicata was filed, the bill of exceptions recites that a plea setting up the above facts should be considered as filed in the cause, and it appears that the case was tried as if the issue was formally tendered by filing such plea. Under such circumstances, this court will review the action of the trial court just as if the issue actually tried had been made up in due form. City Loan & Banking Co. v. Byers, 1 Ala. App. 583, 55 South. 951; Hardeman v. Williams, 150 Ala. 415, 43 South. 726, 10 L. R. A. (N. S.) 653; R. & D. Ry. Co. v. Farmer, 97 Ala. 141, 12 South. 86.

[3] When a judgment is rendered by a court of competent jurisdiction on the merits, it is conclusive between the parties. 4 Mayf. Dig. 728; Glasser v. Meyrovitz, 119 Ala. 152, 24 South. 514.

[4] The suit for violating the town ordinance was not a criminal prosecution by the state, but a quasi civil action, with the town as plaintiff and the appellant as defendant. The parties and issue determined in that case are identical with the parties and issue in this case. The agreed statement of facts set up a good defense, and should have been sustained. United States v. McKee, 4 Dillon, 128, Fed. Cas. No. 15,688; Coffey v. United States, 116 U. S. 442, 6 Sup. Ct. 437, 29 L. Ed. 684; Stone v. United States, 64 Fed. 667, 12 C. C. A. 451.

[5] The complaint was not demurred to; but it is here insisted that it appears from its averments that it is grounded on an invalid ordinance, and therefore does not state a substantial cause of action. If this is true, the complaint affords no legal support for the judgment, although its sufficiency was not questioned in the trial court. Mayor and Council of Columbiana v. J. W. Kelley et al., 172 Ala. 336, 55 South. 526; St. Clair Co. v. Smith, 112 Ala. 347, 20 South. 384; Linam v. Jones, 134 Ala. 570, 33 South. 343; Trott v. B. R. L. & P. Co., 144 Ala. 383, 39 South. 716; Ritter v. Hoy, 1 Ala. App. 644, 55 South. 1034; Ex parte Lane, 12 Ala. App. (on rehearing) 236, 67 South. 727.

Two reasons are assigned why this municipal ordinance should be declared invalid: (1) Because it unduly discriminates against appellant; and (2) because it imposes an unreasonable tax on the business of buying cotton seed.

The lawmaking powers of the state and its subdivisions that are delegated with such powers exercise a wide discretion in classifying various businesses for occupation taxes, and as to what is a proper amount to impose on each vocation. While this is true, the right is necessarily not an unbridled one, and has its limits, which, if transcended, render the tax invalid. Kendrick v. State, 142 Ala. 43, 39 South. 203; City of Montgomery v. Kelly, 142 Ala. 558, 38 South. 67, 70 L. R. A. 209, 110 Am. St. Rep. 43.

As has been said, exact uniformity is not required, and is unattainable in such matters; yet such taxes must fall with equal weight upon every member of a given class, and must impose a like tax on all who may exercise the avocation or privilege taxed. Phœnix Carpet Co. v. State, 118 Ala. 151, 22 South. 627, 72 Am. St. Rep. 143; City of Montgomery v. Kelly, supra.

The ordinance imposed a tax of $10 on the cotton seed oil mill business, and a tax of $250 on the business of buying cotton seed. The right to engage in the cotton seed oil mill business necessarily included the right to buy cotton seed, as buying cotton seed was an integral part of the cotton seed oil mill business. "A city cannot divide a single taxable privilege, and require a separate license for each of the elements." City of Montgomery v. Kelly, supra. The municipality having exacted a license for engaging in the cotton seed oil mill business, it could not require the cotton seed oil mills to pay the license of $250 to engage in the buying of cotton seed. Gambrill v. Endrich Bros. et al., 143 Ala. 506, 39 South. 297; Mayor of Tuscaloosa v. Holczstein, 134 Ala. 636, 30 South. 1007. It follows that the person that owned an oil mill was granted the exercise of this privilege for $10, and that persons who did not own an oil mill had to pay $250. This is such a discrimination as renders the ordinance void as to this tax.

Another limit to the right to impose such taxes is the tax must not be so excessive as to serve to crush out a lawful and useful occupation. It is true that courts "recognize the right to so combine police regulations and the taxing power as to levy a license tax to discourage and even break up" a certain class of "businesses, which, while they are tolerated, are recognized as being hurtful to the public morals, productive of disorder, or injurious to the public" (City of Montgomery v. Kelly, supra); but this right does not exist as to harmless and useful occupations. Kendrick v. State, supra. It must be conceded that in a cotton growing section the business of cotton seed buying is necessary to furnish a market for one of the chief products. It appears from the ordinance that the tax imposed on all other ordinary businesses or vocations is from $2.50 to $10. The nearest amount to that imposed on cotton seed buyers is the tax of $100 placed on carnivals. Why the commendable and nec-

essary business of buying cotton seed should be taxed 25 times more than other such privileges, and over twice as much as carnivals, a business of recognized demoralizing tendencies, does not appear, except it might be inferred from the natural effect it would produce that it was to crush out the business of buying cotton seed, that the oil mill might be without competition in the exercise of this privilege. This wide discrimination indicates an intention to crush out the business of cotton seed buying, and fixes such an unreasonable and arbitrary license that the ordinance is rendered void as to that tax. Mobile v. Orr, 181 Ala. 308, 61 South. 920, 45 L. R. A. (N. S.) 575; Kendrick v. State, supra.

As it appears affirmatively from the complaint that the cause of action is based on a void ordinance, judgment should have been rendered for the appellant by the trial court, as the complaint was insufficient to support a judgment. Furthermore, as hereinabove stated, the defense of res judicata should have been sustained, and judgment should have been rendered for the appellant. The case having been tried by the judge of the court without the intervention of a jury, this court will here render such judgment as the court below should have rendered, which is accordingly done. Acts 1915, p. 824.

Reversed and rendered.

BROWN, P. J., and SAMFORD, J., concur in the conclusion; but are of the opinion that the question as to whether the ordinance is unreasonable and discriminatory is not presented in this case.