(121 So. 76)

**BLACKWOOD v. GURLEY et al. (6 Div. 69.)**

Supreme Court of Alabama. March 21, 1929.

22

Nash & Fendley, of Oneonta, for appellees.

ANDERSON, C. J. ██ The trial court did not err in permitting the witnesses to be asked as to facts to which they testified in the case of Blackwood v. Rutherford, 212 Ala. 630, 103 So. 689, as laying a predicate for contradiction or impeachment, the payment of the mortgage indebtedness being involved. But there was error in permitting the defendants to show the result of that suit either in the circuit or Supreme Court. Conceding that res adjudicata in an action of ejectment may be shown under. the general issue for the purpose of destroying a link in the plaintiff's chain of title, which we do not decide, the result of said suit in said Rutherford Case was not conclusive of the payment of the mortgage debt between the plaintiff and an entirely different party. Fidelity Co. v. Robertson, 136 Ala. 379, 34 So. 933; Allison v. Little, 85 Ala. 512, 5 So. 221.

██ The plaintiff introduced a regular legal assignment of the mortgages by the trustee of the bankrupt estate of the mortgagee, and the trial court erred in permitting the defendants to show that on one occasion the witness examined a file of papers connected with the bankrupt estate, then in the custody of an attorney connected with the proceedings, and did not then find the mortgages in question among said papers. This fact did not negative the fact that the mortgages had not been listed or were not in the custody of the trustee or some one else connected with the bankruptcy proceedings, and was calculated to prejudice plaintiff with the jury.

██ There was no error in giving the defendants' requested charge 3. It does not at-

J. T. Johnson, of Oneonta, for appellant.

tempt to deal with the burden of proof as to the alteration, and, if the words set forth were inserted in the mortgage after its execution without the consent of the mortgagor, the alteration was material and would vitiate the mortgage (Green v. Sneed, 101 Ala. 205, 13 So. 277, 46 Am. St. Rep. 119), though this rule does not apply to deeds (Ala. State Land Co. v. Thompson, 104 Ala. 570, 16 So. 440, 53 Am. St. Rep. 80).

As this case must be reversed, it is unnecessary to determine whether or not the disclaimer was faulty, because the description was too indefinite, as the same can be easily amended at the next trial so as to conform to the requirement or suggestion in the case of Howard v. Martin, 181 Ala. 613, 62 So. 99.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

GARDNER, BOULDIN, and FOSTER, JJ., concur.