(136 So. 826)

## BELL v. JONES, Judge.
### 3 Div. 973.

Supreme Court of Alabama.
June 25, 1931.

Rehearing Denied Oct. 22, 1931.

Weil, Stakely & Cater, of Montgomery, for respondent.

Rushton, Crenshaw & Rushton, of Montgomery, for petitioner.

THOMAS, J.

The petition is for mandamus to be directed to the circuit judge to secure the vacation of an order staying the proceeding in the circuit court pursuant to the plea in abatement filed.

The only question involved on the application alleged of importance to the profession

is: Where there is a collision between two automobiles, can the party first filing his complaint against the other party, in a court of jurisdiction of the subject-matter and parties, prevent the second party from maintaining an action at law against the more diligent suitor? That is to say, can he who sues first compel the second or other party to maintain a passive position and await the termination of the action or first suit, leaving nothing to be tried on the second action save the amount of damages in case the party bringing the first suit fails in his action?

The facts are thus stated by petitioner: That one Bell, a resident of Montgomery county, driving his automobile on the Birmingham highway, came in collision with a truck owned by Baggett in Jefferson county; Baggett's truck being damaged, and Bell receiving injuries to his person and property. Baggett was doing business as a common carrier under the provisions of the Motor Carrier Act of 1927, pp. 309, 311, § 5, and had filed the bond required with the Public Service Commission, with the New York Indemnity Company as surety or indemnitor upon said bond. The act in question specifically provides that the bond must be given to secure any one of the public against actionable injury "proximately caused by negligence of such motor carrier, its servants or agents"; that the bond shall be "for the benefit of and subject to suit or action thereon by any person who shall sustain actionable injury or loss protected thereby, notwithstanding any provision in said bond to the contrary." Acts 1927, p. 311, 312, § 5.

Petitioner, Bell, a resident of Montgomery county, brought his action against the insurance carrier of Baggett, the New York Indemnity Company, which company is a foreign corporation qualified to do business in the state, and for aught that appears from this record, does business in Alabama, and is subject to suit in Montgomery county. The complaint by Bell claimed damages for property injury, physical pain, and mental suffering.

The indemnity company filed a plea setting up that Baggett Freight Line had previously instituted an action in the circuit court of Jefferson county against Bell, claiming damages for injury resulting from the collision (for which Bell is claiming damages in a suit filed in Montgomery county) caused by the negligence of Bell, and alleging that in the event a judgment is recovered by the plaintiff in the Jefferson county suit, such judgment will constitute res judicata of the issues involved in the suit filed in the circuit court of Montgomery county, and praying that Bell's suit be stayed pending the determination of the Jefferson county suit.

The lower court was of the opinion that the Montgomery county action should be stayed pending the trial of said prior suit in Jefferson county, and judgment was entered accordingly. Petitioner, Bell (plaintiff in the suit in Montgomery county), files the petition for writ of mandamus to compel the trial court to proceed to hear and try his suit against the New York Indemnity Company, the insurance carrier of Baggett at the ensuing call of the docket of the Montgomery county circuit court, irrespective of the outcome of the trial of the Jefferson county suit. Respondent, circuit judge, has filed his answer and consented that the cause be submitted on brief and argument.

The plea filed by the defendant in the circuit court of Montgomery county, setting up the pendency of the prior suit in Jefferson county, is in the nature of a plea in abatement. A definite rule has been established by this court by which a plea of this nature may be measured. In the case of Kaplan v. Coleman, 180 Ala. 267, 60 So. 885, 886, Mr. Justice Somerville, speaking for this court, says: "A plea in abatement because of another suit pending bears a strong analogy to a plea of res judicata, and a fair test of its sufficiency is whether a final judgment or decree in the prior suit would be conclusive between the parties and operate as a bar to the second."

This rule was again reaffirmed in Harris v. Town of Tarrant City, 221 Ala. 558, 559, 130 So. 83, 84, saying:

"The test is sometimes said to be whether a final judgment in the prior suit would be conclusive between the parties and operate as a bar to the second. Kaplan v. Coleman, 180 Ala. 267, 60 So. 885; Foster v. Napier, 73 Ala. 595.

"The principle is that the latter action is deemed unnecessary, and therefore the judgment in the prior suit would be conclusive and operate as a bar to the latter. Williams v. Gaston, 148 Ala. 214, 42 So. 552. Another test is whether the proof of one will sustain the other. Western Union Tel. Co. v. Crumpton, 138 Ala. 632, 36 So. 517; Cannon v. Brame, 45 Ala. 262."

It must be conceded, or rather it cannot be successfully maintained, that in the case of an automobile accident both parties may have a right of recovery; that negligence by both parties precludes a recovery; and the absence of negligence on the part of either party precludes a recovery. In the case of an automobile accident, it is likewise true that there can be a right of recovery only in the event one party is guilty of actionable negligence and the other party is not so negligent. If the court of Jefferson county may hold Bell responsible for the negligence and accident resulting, and the court of Montgomery county, on the same facts, hold Baggett responsible for the accident, this would be unfortunate. In the opinion of the writer, it may be that in a proper case and the same parties

or privies, such a judgment of the court in Jefferson county, to the extent indicated, if presented by a proper plea of recoupment, the matters so presented or embraced in the issue on which the judgment thereon rested would be in a second action and trial res adjudicata —on the *same issue* sought and raised in the pending suit in the circuit court of Montgomery county.

However, in Crowson v. Cody, 215 Ala. 150, 110 So. 46, it is declared that a judgment to be res judicata must be rendered by a court of competent jurisdiction *on the merits within the issues pleaded or which ought to have been litigated and applied* to the status of the parties at the time of rendition and bind the parties or privies. The surety company, not a party to the Jefferson county suit, will not be bound by a judgment therein to which it was not a party. Such is the effect of the decisions in Allison v. Little, 85 Ala. 512, 5 So. 221, and Fidelity & Deposit Co. v. Robertson, 136 Ala. 379, 34 So. 933. This rule was followed in Blackwood v. Gurley, 219 Ala. 21, 121 So. 76. Moreover, there is no privity by the contract of the indemnity policy of insurance. This announcement is in accord with the general authorities and to which we now advert as governing suretyship.

In Southern Pacific Railway Co. v. United States, 168 U. S. 1, 18 S. Ct. 18, 27, 42 L. Ed. 355, at page 376, Mr. Justice Harlan said: "The general principle announced in numerous cases is that a right, question, or fact distinctly put in issue, and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit by the same parties *or their privies;* and, even if the second suit is for a different cause of action, the right, question, or fact once so determined must, as between the same parties *or their privies,* be taken as conclusively established, so long as the judgment in the first suit remains unmodified."

The English rule is stated by Lord Hardwick (Gregory v. Morseworth, 3 A. T. K. 626) in defining the doctrine of res adjudicata, as follows: "When a question is necessarily decided in effect though not in express terms, between parties to the suit they cannot raise the same question as between themselves in any other suit in any other form."

In the case of Weisinger v. Rosenberg, 108 N. Y. S. 1065, the New York Supreme Court held that a judgment for plaintiffs in a previous action for services in dyeing skins is a bar to a subsequent action against them by defendant therein for damages for negligence in dyeing the skins, on the theory that the care used in doing the work was an element in the claim for the value of services in the process therefor. It was said: "The plaintiffs' recovery of damages for the defendants' negligence in the performance of work upon skins delivered to the latter to be dyed proceeded upon a disregard of the legal effect of a judgment recovered by the defendants against the plaintiffs in the Municipal Court for the Fourteenth district for the value of the services performed. Necessarily the use of reasonable care in the performance of the work was an element involved in the claim for the value of the services, and the judgment could not have been rendered consistently with the state of facts upon which the plaintiffs' present cause of action is based." Weisinger v. Rosenberg (Sup.) 108 N. Y. S. 1065, 1066.

Mr. Black uses the following language as to cross suits or claims and judgments therein, in his work on Judgments: "Where judgment goes against the defendant, and he afterwards sues the plaintiff on a cross-claim which he might have presented in the first suit but did not, if the facts which he must establish to authorize his recovery are inconsistent with the facts on which the plaintiff recovered in the first action, or in direct opposition to them, the former judgment is a bar. In other words, if the way to his own recovery lies through a negation of the facts alleged by the plaintiff, that negation must be made good when the facts are first set up. For afterwards he cannot deny what the judgment affirms to be true. But if, out of the same transaction or state of facts, each party may acquire a right of action,—so that the facts on which the plaintiff recovered may very well be true and yet the facts on which the defendant seeks to recover may be equally true,— then the former judgment is not a bar to the maintenance of the present suit." 2 Black on Judgments, § 767.

This position or statement of the rule is established by this court in the case of Kaplan v. Coleman, supra, as to cross-actions. The court said: "If it be conceded that appellant might have filed a cross-bill to the executors' suit, contesting the validity of the will, as being a matter growing out of or connected with the original suit, it by no means follows that he was or is bound to do so. As we have already declared, that suit does not involve *the issue of the validity of the will,* and it *is the settled rule that an independent cross-claim or right, not directly involved in the issues to be determined by the original suit, need not be there asserted,* but its assertion and enforcement may be postponed for independent subsequent action." 180 Ala. 267, 60 So. 885, 888. (Italics supplied).

That is to say, that an independent cross-claim or right *not directly involved* in the issues to be determined by the original suit *need not be there asserted,* but its assertion and enforcement may be postponed for independent subsequent action. We are not agreed that there is here an "independent cross-claim or right that is *directly involved in the issues to be determined by the original suit*" which *"must be there asserted and its*

*assertion and enforcement may not be postponed for independent subsequent action.*" .(Italics supplied.)

The foregoing announcement by Mr. Justice Somerville is in accord with the weight of authority collected in 34 C. J. p. 863 et seq., where the text is: "As a general rule, where a defendant has an independent claim against plaintiff, such as might be either the basis of a separate action or might be pleaded as a set-off or counterclaim, he is not obliged to plead it in plaintiff's action, although he is at liberty to do so, and if he omits to set it up in that action, or if, although he introduces it in evidence in rebuttal of plaintiff's demand, it is not used as a set-off or counterclaim, this will not preclude him from afterward suing plaintiff upon it, in the absence of some statute to the contrary. *But this rule does not apply where the subject matter of the set-off or counterclaim was involved in the determination of the issue in the former action in such wise that the judgment therein necessarily negatives the facts on which defendant would have to rely in order to establish his demand.*" (Italics supplied.)

The following statement is also found in 34 C. J. p. 867: "Where separate causes of action accrue to the parties out of the same transaction or state of facts, cross actions may be maintained, and neither will bar the other, *unless the facts necessary to authorize a recovery in one action are contrary to or inconsistent with, those required to sustain a judgment in the other.*" (Italics supplied.)

And in 34 C. J. pp. 868, 869, § 1282, the general and Alabama authorities are collected to the effect that: "A fact or question which was actually and directly in issue in a former suit, and was there judicially passed upon and determined by a domestic court of competent jurisdiction, is conclusively settled by the judgment therein, so far as concerns the parties to that action and persons in privity with them, and cannot be again litigated in any future action between such parties or privies, in the same court or in another court of concurrent jurisdiction, upon either the same or a different cause of action. Dishman v. Griffis, 198 Ala. 664, 73 So. 966; Cowan v. Staggs, 178 Ala. 144, 59 So. 153; Stallings v. Gilbreath, 146 Ala. 483, 41 So. 423; Callan v. Anderson, 131 Ala. 228, 31 So. 427; Gilbreath v. Jones, 66 Ala. 129; Cannon v. Brame, 45 Ala. 262; Mervine v. Parker, 18 Ala. 241; Dunning v. Thomasville, 16 Ala. App. 70, 75 So. 276; Huntsville v. Goodenrath, 13 Ala. App. 579, 68 So. 676; Fox v. Sampey, 9 Ala. App. 561, 63 So. 769."

As further. observed by Mr. Justice Somerville in Kaplan v. Coleman, 180 Ala. 267, 274, 60 So. 885, 887: "It ordinarily makes no difference that the initiative of the parties is reversed in the two proceedings."

The question now presented was not decided in Troy Fertilizer Co. v. Prestwood, 116 Ala. 119, 22 So. 262, 263: "As between the appellant, the Troy Fertilizer Company, and Georgia A. Prestwood, the grantee in said deed, the subject-matter of the chancery suit in Coffee, is the identical subject-matter, so far as said parties are concerned, as that of the cause in Pike chancery court, and the purpose is the same in effect,—that, on the part of the Troy Fertilizer Company in the Coffee chancery court, to have said deed declared fraudulent and void, and that on the part of Georgia A. Prestwood, the grantee in said deed, in the Pike chancery court, to have *it sustained as a bona fide, valid conveyance* of the said lands to her. For this purpose, the chancery court of Coffee county, on the commencement of the said suit therein, acquired jurisdiction of the subject-matter and the parties in. interest. The principle so well settled, that 'where the jurisdiction of a court and the right of a plaintiff .to prosecute in it, has once attached, that 'right cannot be arrested or. taken away by proceedings in any other court,' is directly applicable. Gay, Hardie & Co. v. Brierfield C. & I. Co., 94 Ala. 308, 11 So. 353 [16 L. R. A. 564, 33 Am. St. Rep. 122]; Hause v. Hause, 57 Ala. 265; Foster v. Napier, 73 Ala. 596; Peck v. Jenness, 7 How. 624 [12 L. Ed. 841]. The fact, that the chancery court of Coffee county had acquired jurisdiction of the same matter in a controversy between the same parties, in a suit between them therein pending when this bill was filed, appearing on the face of this bill, was sufficient objection to its maintenance, which objection was properly raised by demurrer."

These cases and the authorities within our decisions do not rule the judgment on the petition. It is contended that the parties in the suit in Jefferson county and the suit in Montgomery county are not the same, and for this reason the plea is sought to be condemned. And it is declared that the two suits must be between the same parties, or their ·privies. Southern Pacific Ry. Co. v. United States, supra. Such is not the case. See the analogy in Fidelity & Deposit Co. of Maryland v. Robertson, 136 Ala. 379, 34 So. 933. The binding effect of a judgment and litigable issues of fact was stated as to parties and privies in Clark v. Whitfield, 213 Ala. 441, 105 So. 200, 203, as follows: "* * * A plea of res adjudicata, to be good, must show the parties litigant in the two suits are the same * * * or else they must be in privity of estate or blood or in law with the parties in such former action."

See, also, Alabama decisions cited in 213 Ala. 444, 105 So. 200, 203 [8]; 54 L. R. A., cases cited in footnote at page 650; Terrell v. Nelson, 199 Ala. 436, 74 So. 929; McNeil v. Ritter Dental Mfg. Co., 213 Ala. 24, 104 So. 230; Strother v. McCord, Circuit Judge, 222 Ala. 450, 132 So. 717. We think the parties and issues in the two suits are not the same.

The right by a proper plea to assert by recoupment the right of the other party to a suit for damages resulting from collision is definitely established by the general authorities and by the recent decisions of this court. Brown v. Patterson, 214 Ala. 351, 108 So. 16, 47 A. L. R. 1093; Alabama Power Co. v. Kendrick, 219 Ala. 692, 123 So. 215. And the suit of Bell in Montgomery county was an election that he will not plead recoupment in the Jefferson county suit; he had this right or election. Mobile & O. R. R. Co. v. Williams, 219 Ala. 238, 121 So. 722, was under the federal statute and a plea of set-off; Weaver v. Brown, 87 Ala. 533, 6 So. 354, a plea of set-off where the bill was to enforce a vendor's lien; Roach v. Privett, 90 Ala. 391, 7 So. 808, 24 Am. St. Rep. 819, action on a foreign judgment, plea or set-off; New England Mortgage Security Co. v. Fry, 143 Ala. 637, 42 So. 57, 111 Am. St. Rep. 62, a bill for the foreclosure of a mortgage, failure to plead set-off discussed; that such matters may be considered under the plea of set-off were optional, and may or may not be pleaded at the election of the defendant or made the basis of separate suits; so of recoupment, Alabama Power Co. v. Kendrick, supra.

All the Justices are agreed that the several suits in question, presented by the petition, are separate and independent; that the parties to be bound are different and sued in different rights; and that the circuit judge was in error in staying or abating the Montgomery county action. The writ will issue to the extent of and for the setting aside, annulment, and cancellation of "said judgment of April 25, 1931, and to restore said cause to the trial docket of said court," thereafter to be called and dealt with under the law and procedure obtaining in the circuit court.

Writ awarded.

All the Justices concur.

#### On Rehearing.

The Justices prefer to limit their concurrence to the result stated in the last paragraph of the foregoing opinion. The application for rehearing is overruled.

All the Justices concur, except SAYRE, J., not sitting.