(87 South. 521)

### MARYLAND CASUALTY CO. v. STATE.
### (3 Div. 497.)

(Supreme Court of Alabama. Jan. 13, 1921. Rehearing Denied Feb. 10, 1921.)

**1. Convicts** &#9758;11—**Plea in action on bond faulty as purporting to set up modification of contract without specifying facts.**

In an action against the surety on a convict labor bond, defendant surety company's plea *held* faulty as purporting to set up a modification of the contract, while the facts relied upon did not amount to such a modification, and may have been a mere indulgence as to payments after maturity.

**2. Convicts** &#9758;11—**State suing on bond securing hire of convicts cannot be defeated on account of laches or nonaction of officers.**

In an action against the surety on a bond given by a company to secure its contract for the hire of convicts from the state, defendant surety company's pleas, attempting to set up laches or failure on the part of the state's agents to exact monthly collections, to institute suit, and to notify defendant surety of default, *held* insufficient, as the state cannot be defeated in the enforcement of its rights for laches or nonaction on the part of its officers in such respect.

**3. Convicts** &#9758;11—**Pleas in action on bond securing hire of convicts insufficient.**

In an action against the surety on a bond given by a company to secure its contract for the hire of convicts from the state, defendant surety company's pleas, attempting to set up a breach of the contract by the state in removing the convicts or in taking them over after the company became bankrupt, *held* insufficient, the state under the contract and the law (Code 1907, §§ 6527, 6562), having had the right to terminate the contract at any time without reason, so that it did not have to serve formal notice of its purpose, but could terminate by retaking or reclaiming the convicts.

**4. Convicts** &#9758;11—**Plea in action on bond securing hire of convicts setting up delay in approval by Governor insufficient.**

In an action against the surety on a bond given by a company to secure its contract for the hire of convicts from the state, defendant surety company's plea, seeking to avoid liability because of an accrual of liability to the state by the surety's principal prior to final approval of the bond by the Governor, *held* insufficient, the bond showing it was executed May 14, 1914, and stating it was to stand for all things required by the contract from its beginning, so that delay in approving the bond did not affect the surety's liability, particularly in the absence of fraudulent representation or concealment of facts developed between the execution and approval of the bond, and not set up in the plea.

**5. Convicts** &#9758;11—**Bond for hire of convicts held not to provide for unenforceable penalty.**

Contract for hire of convict labor from the state, secured by surety bond sued on by the state, providing that if default was made in payment and suit at law instituted to recover the convict hire, 20 per cent. damages was to be added to said hire, *held* not to embody in such clause an unenforceable penalty.

**6. Convicts** &#9758;10(8)—**"Suit," as used in contract for hire of convict labor, included plural and singular, also bankruptcy proceedings.**

A contract between the state and a company covering the hire of convict labor, and providing that if default was made in payment and suit at law instituted to recover the hire 20 per cent. damages should be added to it, used the word "suit" in a plural as well as in the singular sense, and the term applied both to proceedings against the hiring company in the bankruptcy court, as well as to a suit on the bond securing the contract.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Suit.]

---

&#9758;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[4] Ante, p. 140.

**7. Convicts ⚷⇒11—Failure to claim against estate of bankrupt convict hirer does not estop state as against surety on bond.**

The state's failure to prove a claim against the estate of a bankrupt hirer of convict labor does not estop it from claiming in suit against the surety on the hirer's bond, which was not a party to the bankruptcy proceedings.

**8. Interest ⚷⇒47(1)—Judgment against surety properly included interest from time after maturity of claim.**

In an action on the bond of a hirer of convict labor, the judgment against the surety properly included interest from the filing of the state's claim against the hirer's estate in the bankruptcy court, when the claim had matured.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Action by the State of Alabama against the Maryland Casualty Company, for breach of a bond given by the Thoele-Phillips Manufacturing Company, to secure its contract for the hire of convicts from the state of Alabama. Judgment for plaintiff, and defendant appeals. Affirmed.

The first counts declare on breach of the bond setting forth the contract and the bond and alleging various breaches of the contract and the bond. The other counts are to recover the 20 per cent. penalty fixed by the contract upon failure of the manufacturing company to make prompt payments under the terms of the contract. The pleas are in substance as follows: All allege that the defendant executed the bond sued on as surety only and pursuant to the terms of the contract as set forth in the complaint.

Plea 2 alleges the duty under the contract and under the law of the president of the board of convict inspectors on the first day of each month of the term of the contract to cause to be made out an account against the hiring company, showing the number of convicts and the amount of hire, etc., and to require the hiring company, within 10 days after receiving this statement, to pay the same, and in the event it is not paid within 30 days then to notify the Attorney General, and to cause him to bring suit, which the plaintiff has never done.

Plea 3 is the same as plea 2, but with reference to another 30-day period, with the additional averment that the plaintiff failed to notify the defendant of said default until after a petition in bankruptcy was filed against the said hiring company on which it was adjudged a bankrupt.

Plea 4 sets up the same facts as plea 3, and adds that if plaintiff had notified the defendant within a reasonable time thereafter, or had made demand upon defendant for the payment of the amount then owing by the hiring company, the defendant could either have caused said hiring company to pay said demand, or the defendant could have paid the same and recovered therefor, but on account of the plaintiff to give said notice or to make said demand until after the bankruptcy proceedings the defendant was prevented from causing such payment to be made, and from protecting itself against loss.

Plea 5 sets up the same facts as pleas 2 and 3, with the additional allegation that the said hiring company became indebted to the state in large sums in each month from May, 1914, to and including July, 1917; and from and after August 1, 1914, plaintiff permitted said hiring company to be and remain in default in its payments in various sums ranging from, to wit, $3,200 to $18,000, and defendant was never informed of these defaults until August, 1917, when it was notified that the hiring company was indebted to the state in the amount sued for, at which time the hiring company was in bankruptcy and wholly insolvent; then concludes as plea 4.

Plea 6 adopts all of plea 5 with the additional averment that the defendant was damaged in the sum equal to the amount claimed of it by plaintiff in this suit, and it pleads said loss and damage as a set-off against plaintiff's demand.

Plea 7 sets up its discharge and release from liability because of a breach of the terms of the contract by the plaintiff itself.

Plea 8 sets up a subrogation by the defendant to the rights of the hiring company, a breach by plaintiff of its contract, and offers to set off the damages in an amount equal to plaintiff's demand.

Plea 11 is as follows:

The plaintiff ought not to recover in this cause because the defendant was only surety for Theole-Phillips Manufacturing Company, and the plaintiff not only failed to collect from said company the amounts owing by it from month to month in accordance with the law of the state of Alabama and with reference to which the contract and the bond set out in the complaint were made, but modified said contract without the knowledge or consent of this defendant by granting to said Theole-Phillips Manufacturing Company additional time in which to make its payments from month to month from, to wit, the month of May, 1914, to the month of July, 1917.

Ball & Beckwith, of Montgomery, for appellant.

In suits on bonds, the liability of the surety cannot be greater than that of the principal. 65 Ala. 430. The state could recover no interest antedating the allowance of the claim in bankruptcy. 13 Cyc. 166; 85 Ala. 552, 5 South. 149; 13 Cyc. 89. Plea 11 was good, and the state was not entitled to recover at all. 128 Ala. 122, 28 South. 960; 72 South. 433; 190 Ala. 397, 67 South. 318; 106 S. W. 876; 104 S. C. 190, 88 S. E. 442; 21 Ga. App. 87, 94 S. E. 56; 1 Brandt, S. & G.

---

⚷⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

§ 376. Defendant was released by the fraud of the state. 21 R. C. L. § 36; 36 Cyc. 874; 44 Fla. 510, 32 South. 927; sections 4098, 4099, Code 1907; 13 C. J. 599; 64 Ala. 127; 42 Ala. 548, 94 Am. Dec. 665; 136 Fed. 359, 69 C. C. A. 185, 69 L. R. A. 719; 153 U. S. 540, 14 Sup. Ct. 876, 38 L. Ed. 814.

J. Q. Smith, Atty. Gen., and Harwell Davis, Asst. Atty. Gen., for appellee.

The bankruptcy proceeding and the present suit is a suit at law. 37 Cyc. 542. The 20 per cent. was not a penalty and is good. 90 Ala. 136, 7 South. 439, 24 Am. St. Rep. 772; 123 Ala. 439, 26 South. 290. The penalty covers the damages incurred by reason of the litigation, and is not interest. 85 Ala. 552, 5 South. 149. The state was not a party to the bankruptcy proceedings, and cannot be estopped by them. 128 Ala. 77, 30 South. 528. The discharge of the principal in bankruptcy in no way affects the liability of the surety. Collier on Bankruptcy, 376. The failure of officers to perform their duty does not estop the state. 64 Ala. 287. Neither the contract, nor the bond, nor the law required that notice be given to defendant of the default of its principals. 194 Ala. 507, 69 South. 931; 190 Ala. 397, 67 South. 318; 119 Ala. 152, 24 South. 514. Plea 11 was not good. 124 Ala. 638, 27 South. 450; 97 Ala. 362, 12 South. 162, 19 L. R. A. 470. The pleas seeking recoupment or actions against the state without its consent. 100 Ala. 291, 14 South. 51; 18 Ala. 767; 143 Ala. 579, 42 South. 114. There is no subrogation in law. 32 Cyc. 231.

ANDERSON, C. J. [1] Plea 11, if not otherwise faulty, purports to set up a modification of the contract and the facts therein set up and relied upon do not amount to a modification of the contract, and may have been a mere indulgence as to payments after maturity.

[2] Pleas 2 to 6, inclusive, attempt to set up laches, or a failure upon the part of the agents of the state to exact monthly collections, to institute suit, and to notify this appellant of the respective defaults. The contract does not expressly require this, and, even if the statute does, which we do not decide, the state cannot be defeated in the enforcement of its rights because of laches or nonaction on the part of its officers in this respect. State ex rel. Lott v. Brewer, 64 Ala. 287.

[3] Pleas 7, 8, 9, and 10 attempt to set up a breach of the contract by the state in removing the convicts or in taking them over after Thoele-Phillips· Manufacturing Company became bankrupt. Under the provisions of the contract and the terms of the law, the state had the right to terminate the contract at any time without reason. Code 1907, §§ 6527, 6562. It was not therefore incumbent upon the state to serve formal notice of a purpose to terminate, but it could do so by retaking or reclaiming the convicts, which was the sole subject-matter of the contract.

[4] Plea 14 seeks to avoid liability because of an accrual of liability to the state by the defendant's principal prior to the final approval of the bond by the Governor. The bond shows that it was executed May 14, 1914, and expressly states that it is to stand for all things required by the contract from its beginning. The delay in approving the bond did not affect this defendant's liability. American Co. v. Lawrenceville Cement Co. (C. C.) 110 Fed. 717. Especially so in the absence of a fraudulent representation or concealment of facts developed between the execution and approval of the bond, and which is not set up in said plea 14. 32 Cyc. p. 63 (c).

[5] Section 2 of the contract, among other things, says:

"And if default be made in such payment and suit at law be instituted to recover said hire, then 20 per cent. damages shall be added to said hire."

An interpretation of the foregoing quotation presents the only debatable question involved in this appeal, and it is insisted that said 20 per cent. is not collectible because it is the mere imposition of a penalty upon the Thoele-Phillips Company for a default in the payment, notwithstanding the law provides interest as the measurement of damages for said default. If the 20 per cent. was provided as for a mere default and nothing more, there might be merit in the contention, but the payment of same is not dependent solely upon a default, but upon the further condition that suit is brought to recover the hire. In other words, it was the evident intention of the parties that if default be made and the state had to sue or litigate to collect the hire, then it should be indemnified as to all costs and damages incurred in the enforcement of its rights, such as attorney's fees, traveling expenses of its agents, accountants, etc., and the measure of same was not at the time readily ascertainable, and could not be until after the controversy should be finally settled. It was, no doubt, within the contemplation of the parties that there might be a series of suits, the incurring of special counsel fees, the expenses of public examiners, etc., and that the state should be indemnified against all damages not then readily ascertainable, but not to exceed 20 per cent. Had the agreement provided a fixed sum for attorney's fees or a reasonable sum, there could be no question of its validity, as such provisions have been repeatedly enforced by the courts of this and other states, and the fact that the parties may in advance have agreed to indemnify the state as to expenses to be incur-

red in the collection of the hire, not to exceed a certain sum, and that specific charges were not enumerated, did not render the same a nonenforceable penalty.

[6, 7] We think that the word "suit" as used in the contract included the plural as well as the singular, and that the same applied both to the proceedings in the bankruptcy court as well as the present suit. The fact that 20 per cent. was not claimed or proven in the bankruptcy proceedings does not preclude the state from doing so in the present action. It may be questionable as to whether or not the same had accrued when the Thoele-Phillips Company became a bankrupt, and was therefore provable, but if it could have been there established, the plaintiff's failure to do so does not estop it from claiming the same upon the suit against this defendant, the surety, and which was not a party to the bankruptcy proceedings. Fidelity Deposit Co. v. Robertson, 136 Ala. 379, 34 South. 933.

[8] It is next insisted that the judgment includes too much interest; that is, that interest was not claimed in the bankruptcy court, and should not now run except from the final affirmation of the claim by the Circuit Court of Appeals. The judgment does not include interest from the maturity of the claim, but only from the filing of same in the bankruptcy court. The claim had then matured, and whether the order of approval did or did not mention interest matters not, as the claim was due and the law provides interest.

Finding no reversible error in the record, the judgment of the circuit court is affirmed.

Affirmed.

SAYRE, GARDNER, and BROWN, JJ., concur.